## Armstrong *v.* Michener, Appellant.

*Will — Devise — Life estate—Issue — Rule in Shelley's Case — Act of April* 27, 1855.

Testator directed as follows : " I direct that my son shall have for his own use and occupancy during the period of his life my home farm, on which I now reside, situate on the Springhouse and Hilltown turnpike, near Montgomery Square, together with all the stock and appurtenances, the farm to be maintained in its present state of fertility and repair by my said son, and at his death the use and occupancy to be continued to his issue, if he shall so have, and if none then to the next of kin and so on as long as the laws of this commonwealth will permit." *Held,* that the will gave a life estate to the son, and after his death an estate in fee to the son's issue, and, in default of such issue, to the next of kin ; and that by the operation of the rule in Shelley's Case and the act of April 27, 1855, P. L. 368, the son took an estate in fee.

Argued Feb. 1, 1894.　Appeal, No. 276, Jan. T., 1894, by defendant, E. Mayhew Michener, from judgment of C. P., Montgomery Co., Dec. T., 1893, No. 37, on case stated, in favor of plaintiff, William G. Armstrong.　Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.

Case stated to determine title to real estate sold by plaintiff to defendant.

From the case stated it appeared that plaintiff claimed to own an estate in fee in the land in question under the will of his father, William Armstrong.　Defendant claimed that plaintiff had only a life estate, and refused to accept the property and pay the purchase money.

The will of William Armstrong, deceased, of Montgomery

township, Montgomery county, after providing for payment of debts, and devising all the real estate to the executors in trust for the widow for life, continued:

"It is my will that none of my real estate situated in Montgomery township, Montgomery county, Pa., shall be rented, mortgaged or sold. My real estate situate in Springfield township, said county, may be sold as in the judgment of my executors may be deemed for the best interests of my estate. . . .

"I further direct that, after the death of my wife, the said Ann Jane Armstrong, my executors shall fully equip the North Wales farm with stock and farming utensils for the use and occupancy of my son, John G. C. Armstrong, during his lifetime, he the said J. G. C. Armstrong to receive, have and enjoy all the benefits arising therefrom; and at his death, if he shall have issue, the said issue shall receive the benefits; and in case he shall have no issue, the profits and benefits to be divided equally among the next of kin.

"I direct that my son, William Gordon Armstrong, shall have for his own use and occupancy during the period of his life my Home Farm on which I now reside, situate on Springhouse and Hilltown turnpike near Montgomery Square, together with all the stock and appurtenances, the farm to be maintained in its present state of fertility and repair by my said son, William G. Armstrong, and at his death the use and occupancy to be continued to his issue, if he shall so have, and if none then to the next of kin, and so on as long as the laws of this commonwealth will permit."

The opinion of the court below, after reciting the will, was as follows, by SWARTZ, P. J.:

"It is evident that the testator did not wish to violate the rules against perpetuities. So far as the language of the will is transgressive, it is the wish of the testator that it shall be disregarded. It follows that we may read the will 'to my son, William, for life and at his death to his issue, and if none, then to the next of kin.' If the unborn issue of William is to take but a life estate the limitation over is void because the event upon which it was limited might by possibility not occur within the prescribed period: Donohue v. McNichol, 61 Pa. 73.

"To read the will, to the son William, a life estate with the remainder to the issue, if any, harmonizes the devise with that

made to the other son John.   And there is nothing in the will that indicates an intention to give the son William and his issue a less estate than was given to the son John and his issue.

"Again, the words 'use and occupation,' where there is no devise of the remainder, may give a fee: Jarman on Wills, vol. 3, page 34.   The testator means to give the use and occupation forever, and this is equivalent to a devise in fee: Saxton v. Mitchell, 78 Pa. 479.   The 'use of certain lands' carries a fee: Hance v. West, 32 N. J. L. 233.   Any other construction gives us an intestacy as to part of the testator's estate.

"If we are correct in the foregoing interpretation, then the solution of the question is simple.   We have a life estate in the son William, and after his death a devise to the issue of William, and in default of such issue to the next of kin.

"The word 'issue' in such connection is a word of limitation and not a word of purchase, and gives to William an estate tail which by force of the act of April 27, 1855, P. L. 368, becomes an estate in fee simple.

"The words 'and if none' mean an indefinite failure of issue: Kay v. Scates, 37 Pa. 31; Kleppner v. Laverty, 70 Pa. 70; Haldeman v. Haldeman, 40 Pa. 29 ; Lawrence v. Lawrence, 105 Pa. 339.   It is useless to multiply authorities upon this point—the rule of law is too well settled."

*Error assigned* was entry of judgment for plaintiff.

*J. P. Hale Jenkins,* for appellant, cited : Findlay v. Riddle, 3 Bin. 139; Abbott v. Jenkins, 10 S. & R. 296 ; Way v. Gest, 14 S. & R. 40 ; Stump v. Findlay, 2 Rawle, 168 ; Wells v. Ritter, 3 Whart. 208 ; Ellet v. Paxson, 2 W. & S. 418 ; Moss v. Sheldon, 3 W. & S. 160 ; Stewart v. Kenower, 7 W. & S. 288 ; Heck v. Clippenger, 5 Pa. 385 ; Miller v. Lynn, 7 Pa. 443 ; Gerner v. Lynn, 31 Pa. 94 ; Guthrie's Ap., 37 Pa. 9 ; Lantz v. Trusler, 37 Pa. 482 ; Cote v. Von Bonnhorst, 41 Pa. 243 ; Chew's Ap., 37 Pa. 23 ; Tyler v. Moore, 42 Pa. 374 ; Curtis v. Longstreth, 44 Pa. 297 ; Walker v. Milligan, 45 Pa. 178 ; Harris v. McElroy, 45 Pa. 216 ; Coursey v. Davis, 46 Pa. 25 ; Powell v. Domestic Mission, 49 Pa. 46 ; Perry v. Lowber, 49 Pa. 483 ; Sheets's Est., 52 Pa. 257 ; Riehle's Ap., 54 Pa. 97 ; Schafer v. Eneu, 54 Pa. 304 ; Melsheimer v. Gross, 58 Pa. 412 ;

Fetrow's Est., 58 Pa. 424; Buzby's Ap., 61 Pa. 111; Taylor v. Taylor, 63 Pa. 481; Rudebaugh v. Rudebaugh, 72 Pa. 271; Robins v. Quinliven, 79 Pa. 333; Huber's Ap., 80 Pa. 348; Smith v. Coyle, 83 Pa. 242; List v. Rodney, 83 Pa. 483; Leightner v. Leightner, 87 Pa. 144; Daley v. Koons, 90 Pa. 246; Wolford v. Morganthal, 91 Pa. 30; Fitler's Ap., 10 W. N. 429; Oyster v. Oyster, 100 Pa. 538; Edward's Ap., 108 Pa. 283; Affolter v. May, 115 Pa. 54; Frank v. Frank, 1 Mona. 347; Moore v. Tyler, 1 Mona. 529; Eichelberger's Est., 135 Pa. 160; Oyster v. Knull, 137 Pa. 438; Yarnall's Ap., 70 Pa. 340; Abbott v. Jenkins, 10 S. & R. 296.

*Isaac Chism,* for appellee, cited : Paxson v. Lefferts, 3 Rawle, 59; Rancel v. Creswell, 30 Pa. 158; Potts' Ap., 30 Pa. 168; Kay v. Scates, 37 Pa. 31; Ogden's Ap., 70 Pa. 501; Kleppner v. Laverty, 70 Pa. 70; Lawrence v. Lawrence, 105 Pa. 339; Carroll v. Burns, 108 Pa. 386; Reinoehl v. Shirk, 119 Pa. 108; Hackney v. Tracy, 137 Pa. 53.

PER CURIAM, February 12, 1894:

The judgment in this case is affirmed on the opinion of the learned court below, to which may be added the following references : Paxson v. Lefferts, 3 Rawle, 59; Rancel v. Creswell, 30 Pa. 158; Potts's Ap., 30 Pa. 168; Ogden's Ap., 70 Pa. 501.

Judgment affirmed.