William R. Stigers, Appellant, *v.* Miranda Dinsmore, James Dinsmore, Laura Smyers, Jennie Smyers, Jacob Stigers, Eva Stigers, John Stigers, Elizabeth Stigers, Nora Stigers, Goldie Stigers, Mattie Stigers and Henry Stigers.

*Wills—Devise—Rule in Shelley's case.*

Testator devised the use of a farm "to my oldest son C. during his life, and to his heirs to the third generation the same use, then the property to be sold and divided equal among the heirs of C." *Held*, that it was the intention of testator that the property should go to C. and his heirs, and hence under the rule in Shelley's case C. took a fee.

Argued Oct. 11, 1899. Appeal, No. 173, Oct. T., 1899, by plaintiff, from judgment of C. P. Jefferson Co., Sept. T., 1897, No. 393, non obstante veredicto. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment for the undivided three fourths of 100 acres of land in Bell township.

At the trial it appeared that Jacob Stigers made his will, dated November 5, 1881, and died May 31, 1884, seized of but one tract of land, being the land in dispute. He left to survive him four children, William R. Stigers, the plaintiff, Martha M., intermarried with Jacob Blair, Priscilla, intermarried with E. B. Johnson, and Charles W. Stigers, who died in 1891, intestate, leaving to survive him his widow, Miranda, since intermarried with James Dinsmore, and the following children, viz: Laura, Jennie, Jacob, Eva, John, Elizabeth, Nora, Goldie, Mattie and Henry, the defendants. The daughters of Jacob Stigers, Martha M. Blair and Priscilla Johnson, conveyed their interests in the

land in dispute to the plaintiff before the bringing of this suit. The defendants claim title under the will of Jacob Stigers.

The material portions of the will of Jacob Stigers are as follows :

" Item. I give and bequeath the use to my oldest son, Charles W. Stigers, during his life, and to his heirs to the third generation the same use, then the property to be sold and divided equal among the heirs of Charles W. Stigers, the farm and the lands adjoining containing one hundred acres, more or less, bounded as follows : On the west by Henry Brown and Henry Grube ; north by Henry Grube and D. W. Couch ; east by D. W. Couch and W. E. Bell ; south by Henry Brown. He is to farm the same as I have farmed, and to get the house as soon as convenient after my death ; also the use of two horses which I have, and two set harness for them ; also use of one wagon, use of three plows, one harrow, two cultivators, one-half of grain screen, to be used by him and William ; also use of all hay and grain which may be in the barn at my death ; also use one bedstead and bedding containing two ticks, two sheets, two pillows, one blanket, one hap, one quilt, standing in the east room down stairs, and carpet on same room, one corner cupboard in kitchen, one cook-stove, one-half the balance meat vessels, use of all rakes, shovels and articles on the farm not otherwise disposed of, one-half twin sleds, one sleigh, one-half blacksmiths tools, to be used in shop, one table, the old clock, to stand where it now stands, one-half stump machine, one buckboard, one wool coverlid, six chairs, one set buggy harness, one cider, barrel and balance of buckets.

" To Charles W. Stigers, continued. Also use two meat benches, also hoes, three potato diggers, and furniture for cookstove, one egg stove, also one lounge and tick and cover, three window blinds split, also five ews sheep.

" Item. I give and bequeath the use to my son William R. Stigers one-half the grain screen, one-half the blacksmith tools, to be used with Charles, one-half meat vessels remaining, also all the moneys paid for William R. Stigers by me are secured by this division, one-half stump machine, one buggy and harness, carpet on west room up stairs, one wool coverlid, one-half twin sleds, one stand, one light wagon, one rocking chair, one bookcase, three window blinds split."

It was contended by the defendants that under and in pursuance of the will, the title and right of possession to this entire 100 acres vested in them.  This was controverted by the plaintiff.  There was no dispute as to the facts, the controversy being one of law, whether, by the will of Jacob Stigers, the title to the land described in the writ of ejectment in this case vested in Charles W. Stigers in fee or only for life.

The court directed a verdict for plaintiff, reserving as a question of law, whether there is any evidence in the case to be submitted to the jury upon which the plaintiff is entitled to recover.

Defendants' point and the answer thereto were as follows:

Under all of the pleadings and evidence in the case the plaintiff is not entitled to recover, and the verdict must be for the defendant.  *Answer:* For the purpose of this trial this point is refused; the question raised by it is included in the question of law reserved by the court.

The court subsequently entered judgment for defendants on the reserved question of law non obstante veredicto.

*Error assigned* was the judgment of the court.

*B. F. Shively,* with him *A. J. Truitt,* for appellant.—The will vested a life estate only in Charles: Still v. Spear, 45 Pa. 168; Hess v. Hess, 67 Pa. 119; Yarnall's App., 70 Pa. 335; Grimes v. Shirk, 169 Pa. 74; Craig v. Leslie, 3 Wheat. (U. S.) 563; Allison v. Wilson, 13 S. & R. 330; Chew v. Chew, 28 Pa. 17; Dundas's App., 64 Pa. 325; Eby's App., 84 Pa. 241; Bacon's App., 57 Pa. 504; Rife v. Geyer, 59 Pa. 393; Smith v. Bell, 6 Peters (U. S.), 68; White v. Collins, 1 Comyns, 289; Morrow v. Brenizer, 2 Rawle, 185; Findlay v. Riddle, 3 Binney, 139; Bender's App., 3 Grant, 212; Guthrie's App., 37 Pa. 21; Naglee's App., 33 Pa. 89; Massey's App., 88 Pa. 470; Luffberry's App., 125 Pa. 513.

*Cadmus Z. Gordon,* with him *Henry I. Wilson,* for appellee.— Charles took a fee: Taylor v. Birmingham, 29 Pa. 306; Phelps v. Harris, 101 U. S. 370; Mortimer v. Hartley, 6 Exchequer Rep. 47; City of Philadelphia v. Girard's Heirs, 45 Pa. 27;

McWilliams v. Nisly, 2 S. & R. 513; Walker v. Vincent, 19 Pa. 369; Reifsnyder v. Hunter, 19 Pa. 41; Kepple's App., 53 Pa. 211; Kuhn v. Newman, 26 Pa. 227; Brendle v. German Reformed Congregation of Jackson Twp., 33 Pa. 415; McCullough's Heirs v. Gilmore, 11 Pa. 370; Jackson's App., 179 Pa. 83; Geyer v. Wentzel, 68 Pa. 84; Armstrong v. Michener, 160 Pa. 21; Saxton v. Mitchell, 78 Pa. 479; 3 Jarman on Wills, 34; Baskin's App., 3 Pa. 304; Gring's App., 31 Pa. 292; Young's App., 83 Pa. 59; Hoch's Est., 154 Pa. 417; Gilmor's Est., 154 Pa. 523; Penney's Est., 159 Pa. 346; Ashburner's Est., 159 Pa. 545; Cooke v. Turner, 15 M. & W. 727; Thompson v. Gaut, 14 Lea (Tenn.), 310; Bradford v. Bradford, 19 Ohio, 546.

OPINION BY MR. JUSTICE MITCHELL, November 6, 1899:

The testator devised "the use to my oldest son Charles W. Stigers during his life, and to his heirs to the third generation the same use, then the property to be sold and divided equal among the heirs of Charles W. Stigers, . . . . the farm," etc. Notwithstanding the awkwardness of the wording the testator's intent is perfectly clear to give the farm to Charles and his heirs. No other beneficiary is mentioned, and it is plain that the omission is not accidental, but because the testator's intent did not contemplate that there should be room for any other. The devise is to Charles and his heirs, and after the third generation there is to be a distribution to his heirs. Whether the phrase "then the property to be sold and divided equal" means that the land is to be sold "or" divided, or that it be sold and the "proceeds" divided is not material. The intent was to give the rem in one form or the other to Charles and his heirs, and this carried a fee.

The restriction to the third generation was merely an attempted restraint on alienation for that period. This is clear enough from the general tenor of the will, but the effort to continue the testator's control after his death is seen also in the direction that Charles "is to farm the same as I have farmed," and among the personal property given, the blacksmith's tools are "to be used in shop," and the old clock ".to stand where it now stands."

The fact that the testator in terms gave only "the use" of

the farm does not prevent the gift being a fee where that was his intent: Armstrong v. Michener, 160 Pa. 21.

Judgment affirmed.