## Charles Goldberg *v.* Knickerbocker Insurance Co. of New York, Appellant.

*Assumpsit—Automobile insurance—Loss by theft—Defense on policy—Construction of policy—Written instruments—Execution of written instruments—Estoppel.*

In an action of assumpsit on an automobile insurance policy for loss by theft, where it appeared that the policy contained a stipulation to the effect that it should be null and void if the interest of the assured in the automobile was other than unconditional and sole ownership, the existence of a written lease which indicated clearly that assured was not the sole and unconditional owner of the said automobile will preclude his right to recover on the policy.

Where it appeared that the assured had signed the lease in question but could not read, but did not ask to have the instrument read to him, and was ignorant of the contents thereof, and where there is no element of fraud, misrepresentation or deceit, the assured will be bound by the instrument.

Where a person cannot read the language in which a contract is written, it is ordinarily as much his duty to procure some person to read and explain it to him before he signs it, as it would be to read it before he signed it if he were able so to do, and his failure to obtain a reading and explanation of it is such gross negligence, as will estop him from avoiding it on the ground that he was ignorant of its contents.

Argued October 4, 1923.  Appeal, No. 97, Oct. T., 1923, by defendant, from the judgment of C. P. No. 5, Phila. Co., June T., 1921, 1943, on verdict for plaintiff in the case of Charles Goldberg v. Knickerbocker Insurance Company of New York.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit on policy of insurance on automobile.  Before HENRY, P. J., 52d Judicial District, specially presiding.

The opinion of the Superior Court states the case.

Verdict for plaintiff in the amount of $1,473 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the overruling of the motion for judgment non obstante veredicto and the charge of the court regarding the execution of the written lease by the plaintiff.

*Harry Reiss Axelroth,* for appellant.

*Layton M. Schoch,* and with him *Bernard R. Cohen,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

This is an action on a policy of insurance issued by defendant company on plaintff's automobile and covering loss by theft. From a judgment entered on a verdict for plaintiff comes this appeal. The only assignments of error which need to be considered are the refusal of defendant's point for binding instructions and judgment for defendant n. o. v. There is no dispute about the fact of the issuance of the policy, or the theft of the automobile when it was in the possession of plaintiff or the due furnishing of proofs of loss. The insufficiency of plaintiff's case is urged on several grounds, but one of which need be considered. The policy sued on contains this stipulation:

"2. It is a condition of this policy that it shall be null and void......(c) If the interest of the assured in the property be other than unconditional and sole ownership......"

Plaintiff testified that he purchased the car from one Taylor, a dealer in Chester, Pennsylvania, for $1,475, that he made a cash payment on account and gave ten notes of $88.50 each in further payment, and that at the time of the theft of the car seven of these notes had been paid. Defendant offered in evidence a lease from Taylor

to plaintiff for the car, which lease plaintiff admitted he signed. He testified, however, that he could not read, could only write his name, that the lease had not been read or explained to him, that he did not ask or request that it be read or explained and that at the time he bought the machine he signed several papers, but did not know what they were. The lease which was offered in evidence provided that upon payment of the notes, the car should be returned to the lessor. It contained no option to purchase. The learned trial judge left it to the jury to say whether or not there was a lease between Taylor and plaintiff, or whether or not plaintiff was a purchaser of the car. The jury was told that if the paper, called a lease, was not the real contract between the parties, and plaintiff was in fact a purchaser, then there was no misrepresentation as to his being the sole and absolute owner. In this we think the learned court fell into error. The rule applicable to the case is correctly stated in 13 Corpus Juris, page 372: "So, where a person cannot read the language in which a contract is written, it is ordinarily as much his duty to procure some person to read and explain it to him before he signs it as it would be to read it before he signed it if he were able so to do, and his failure to obtain a reading and an explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." Our Supreme Court has so held. In Bauer v. Roth, 4 Rawle 82, KENNEDY, J., said: "It was settled in Manser's Case, 2 Co. 3, that the reading of the writing to an illiterate man, who is about to execute it as his deed, or the interpretation of it to one unacquainted with the language in which it is indited, is not necessary to make it a valid deed, unless he required it to be read or expounded." Said Chief Justice GIBSON in Greenfield's Estate, 14 Pa. 489: "If a party who can read, as Mrs. Greenfield could, will not read a deed put before him for execution; or if, being unable to read, will not demand to have it read or

302, (1923).]        Opinion of the Court.

explained to him, he is guilty of supine negligence, which, I take it, is not the subject of protection, either in equity or at law.  At law, it certainly is not." To the same effect are Weller's App., 103 Pa. 594, and Johnston et al. v. Patterson, 114 Pa. 398.  No one is bound to sign an instrument which he does not understand.  Ignorance of the contents of a paper by reason of an omission to read or have it read, induced by fraud or deceit, may be a ground of defense: Green v. North Buffalo Township, 56 Pa. 110; Schuylkill County v. Copley, 67 Pa. 386; but ignorance in the absence of fraud or deceit will not excuse.  If plaintiff had used ordinary care and had either read the lease or had it read to him, it would have been impossible for the lessor to deceive him even if he so desired to do.  But there is no evidence whatever of fraud, deceit or misrepresentation by the lessor.  It does not seem necessary to cite authorities to support the proposition that, where the validity of a contract is expressly conditioned upon the existence of a fact, no enforceable contract can be said to exist if the fact is not as stipulated.  Plaintiff's interest in the automobile was not that of unconditional and sole ownership.  For that reason, the policy was never in force and there would be no recovery on it.  It is unnecessary to pass upon the other assignments.

The judgment is reversed and the record remitted to the court below, with direction to enter a judgment in favor of the defendant notwithstanding the verdict.