## Schloss, Appellant, *v.* Importers and Exporters Insurance Company.

*Insurance —Automobile insurance —Loss by theft —Defense on policy—Construction of policy.*

In an action of assumpsit on an automobile insurance policy, which contained a stipulation that it should be null and void if the interest of the assured in the property should be other than unconditional and sole ownership, the fact that the assured was not the sole and unconditional owner of such automobile, but held the same under a bailment lease, will preclude his right to recover under the policy.

As the insurance was conditioned upon the assured's sole and unconditional ownership of the property, and as such was not the fact when the policy was issued, it never went into effect.

The warranty in the policy related to the time it was obtained, and the case is not altered because the plaintiff paid the last installment of rent reserved under the lease, a few days before the automobile was stolen.

Argued April 29, 1924.   Appeal, No. 75, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 2508, in favor of defendant non obstante veredicto, in the case of Louis Schloss v. Importers and Exporters Insurance Company.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on policy of insurance.   Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,648.13.

Subsequently, on motion, the court entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the order of the court.

*Mortimer B. Lesher,* for appellant, cited: Allegro v. Rural Valley Mutual Fire Insurance Company, 268 Pa. 333; Franklin Fire Insurance Company v. Updegraff et al., 43 Pa. 350; Jacoby v. Insurance Company, 10 Pa. Superior Ct. 366, 19 Cyc. 678, 685; Imperial Fire Insurance Company v. Murray, 73 Pa. 13.

*John C. Sherriff,* and with him *Scott D. Ferguson,* for appellee, cited: Cooley, Briefs on Insurance, 1154, citing Mackie v. Pleasants, 2 Binney 363; Suravitz v. Prudential Insurance Company, 244 Pa. 582; Hoffman v. The Mutual Fire Insurance Company, 274 Pa. 292; Wall v. The Royal Society of Good Fellows, 179 Pa. 355; Lennox v. Greenwich Insurance Company, 9 Pa. Superior Ct. 171; Pottsville Insurance Company v. Horan, 89 Pa. 438; Benvenuto v. Insurance Company, 80 Pa. Superior Ct. 213; Diffenbaugh v. Insurance Company, 150 Pa. 270; Schroedel v. Insurance Company, 158 Pa. 459; Bateman v. Insurance Company, 189 Pa. 459; Moore v. Insurance Company, 196 Pa. 30.

OPINION BY KELLER, J., July 2, 1924:

This judgment must be affirmed on the authority of Goldberg v. Knickerbocker Ins. Co., 82 Pa. Superior Ct. 302.

The policy of insurance in suit contained a clause warranting that the automobile, the subject of insurance, had been fully paid for by the assured and was not mortgaged or otherwise encumbered; and a condition that the policy should be null and void, "if the interest

of the assured in the property be other than unconditional and sole ownership."

At the time the policy was issued, July 26, 1920, the assured, the plaintiff, was not the sole and unconditional owner of the automobile. He held it under a bailment lease, executed twelve days before, which called for an initial installment and a series of monthly payments as rental. No fraud was practiced on the plaintiff. He could read and write, and if he did not read the terms of the bailment before he insured the automobile, he alone is to blame. That he had an insurable interest in the property is beside the question; he did not have the interest described and insured in the policy: Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244, 249. It was not contended that the insurance company had knowledge of the plaintiff's true interest in the property at the issuance of the policy as in Hoffman v. Ins. Co., 274 Pa. 293.

The case is not altered by the fact that the plaintiff paid the last installment of rent reserved under the lease a few days before the automobile was stolen. The warranty in the policy related to the time the policy was obtained: Puro v. Franklin Fire Ins. Co., 83 Pa. Superior Ct. 164. "The assured, by his warranty, engages that, whatever may be the condition of things when he makes his application, the facts shall be as warranted when the policy attaches": State Mut. Fire Ins. Co. v. Arthur, 30 Pa. 315, 331. As the insurance was conditioned on the assured's sole and unconditional ownership of the property and such was not the fact when the policy was issued, it never went into force: Goldberg v. Knickerbocker Ins. Co., supra: and nothing was done by the parties, or either of them, between the date of such final payment and the loss, to render it effective.

Under the facts in evidence the court below was obliged to enter judgment non obstante veredicto in favor of the defendant.

The assignment of error is overruled and the judgment is affirmed.