## Benchoff v. Paradise Mutual Insurance Co.

764

▮▮▮▮▮▮▮▮▮▮▮▮

*Brown, Swope & MacPhail,* for plaintiff.

*Bailey and Rupp,* and *Bulleit & Bulleit,* for defendants.

SHEELY, P. J., March 10, 1958.—This is a motion by plaintiff to take off a compulsory nonsuit entered after the introduction of a portion of plaintiff's testimony at the trial.

The action is based upon policies of insurance issued by defendant companies insuring plaintiff against loss by windstorm, etc. Each of the policies contained a clause to the effect that "this entire policy shall be void . . . if the interest of the insured be other than unconditional and sole ownership." The testimony of plaintiff indicated that he purchased the insured premises from his parents, H. N. Benchoff and Lottie Benchoff, by deed dated March 22, 1945, which deed contained the provision: "The grantors except and reserve unto themselves the use and occupation of the premises herein conveyed for and during the term of their natural life or the survivor of them."

We think it is clear that the reservation to the grantors in the deed of the "use and occupation of the premises" during their natural lives or the life of the survivor is the reservation of a life estate in the premises: Armstrong v. Richener, 160 Pa. 21, 22 (1894); Saxton v. Mitchell, 78 Pa. 479 (1875); Stigers v. Dinsmore, 193 Pa. 482 (1899); Hall v. Dean, 72 Pa. Superior Ct. 599 (1919). In the Armstrong case there was a devise directing that a son "shall have for his own use and occupancy during the period of his life my

home farm . . .", with a gift over at his death. This was held to create a life estate.

The language of the reservation in this deed is entirely different from the language considered in the cases cited by plaintiff in his brief. The reservation here was of the use and the occupation of the entire premises. Had it been merely the reservation of the right to use the dwelling house or to live in the dwelling house, the situation would be different. What plaintiff acquired by the deed was the fee subject to a life estate in his parents or, stated differently, the remainder after the life estate. Was he then the unconditional and sole owner of the property? At the trial we thought he was not and, therefore, under the terms of the policy the policy was void.

A policy of fire insurance is a personal contract for indemnity against loss. "The insurance is not of the property as such, but of the interest of the insured in the property": Spires v. Hanover Fire Insurance Company, 364 Pa. 52 (1950). The insured here did not insure his interest as remainderman, but attempted to insure the entire interest in the property. "The purpose of this provision (the sole and unconditional ownership clause in the policy) is, to prevent a party who holds an undivided or contingent but insurable interest in the property, from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove from him the temptation to perpetrate fraud and crime. For without this, a person might thus be enabled to exceed the measure of an actual indemnity": Imperial Fire Insurance Company v. Dunham, 117 Pa. 460, 475 (1888).

In that case the question was whether an equitable owner, as purchaser, was the sole and unconditional owner. It was held that he was, the court saying: "This provision of the policy does not necessarily distinguish

between the legal and the equitable estate. If the title is conditional or contingent, *if it is for years only, or for life*, or in common, *it is not the entire, unconditional, and sole ownership;* but the interest is the same, as it affects the contract of insurance, whether the title of the assured be legal or equitable." This statement is, of course, dictum, but if an estate for life is not the entire unconditional and sole ownership, how can the remainder after the life estate be such?

In Livingstone v. Boston Insurance Company, 255 Pa. 1 (1916), the court defined the clause "sole and unconditional ownership" by saying: "The provisions of an insurance policy are construed favorably to the assured, and where he has an insurable interest and is the substantial owner of the property so that the entire loss falls on him, it satisfies the above quoted clause as to ownership, although he may not have a perfect legal title to the insured property." In Commonwealth ex rel. Schwartz v. Bierly, 339 Pa. 213, 217 (1940), the court, in quoting this definition, emphasized the words, "the entire loss falls on him."

In Kanefsky v. National Commercial Mutual Fire Insurance Company, 154 Pa. Superior Ct. 171, 175 (1943), the court said: "For reasons fully explained in our cases, the clauses relating to unconditional and sole ownership and title are enforced. They have been enforced and recovery has been denied in many factual situations. The following cases are typical instances: Porobenski v. American Alliance Ins. Co., 317 Pa. 410, 176 A. 205 (property held by husband and wife as tenants by the entireties insured in husband's name); Bateman v. Lumbermen's Ins. Co., 189 Pa. 465, 42 A. 184 (pledges of goods); Schroedel v. Humboldt Fire Insurance Co., 158 Pa. 459, 27 A. 1077 (property held by husband and wife jointly insured in husband's name); Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270, 24 A. 745 (wife's goods insured in husband's

name); Schloss v. Importers and Exporters Ins. Co., 83 Pa. Superior Ct. 426 (automobile held under bailment lease upon which last installment was paid few days before loss); Goldberg v. Knickerbocker Ins. Co., 82 Pa. Superior Ct. 302 (automobile held under bailment lease); Chaney v. Farmer's Fire Ins. Co., 32 Pa. Superior Ct. 479 (husband's goods in possession of wife and daughter and insured in their name); Holmes v. Allemannia Fire Ins. Co., 77 Pa. Superior Ct. 337 (church property insured in individual names of trustees); Schiavoni v. Dubuque F. & M. Ins. Co., 48 Pa. Superior Ct. 252 (building and goods insured by lessees who owned goods but not building; no recovery for either); Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359 (machinery in possession of insured under option to purchase); Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244 (goods which the insured was required to leave upon premises at expiration of his lease)."

No case has been found after diligent search by counsel and an independent search by the court in which the factual situation of this case was presented. The reported cases indicate that the courts are inclined to go as far as possible to protect the insured who innocently takes a policy in his own name but later finds he is not technically the sole and unconditional owner of the property. However, when the situation is such that the insured is not actually the sole and unconditional owner, recovery must be denied. As stated in Schloss v. Importers and Exporters Ins. Co., 83 Pa. Superior Ct. 426, 428 (1924): "As the insurance was conditioned on the assured's sole and unconditional ownership of the property and as such was not the fact when the policy was issued, it never went into force. . . . That he had an insurable interest in the property is beside the question; he did not have the interest described and insured in the policy."

In this case there is no suggestion of fraud on the part of plaintiff. He did have an insurable interest in the property and he did consider that he owned it. But he neglected to state that his parents had a life estate which took precedence over his right of enjoyment of the property. Using the definition of the Livingstone case, was he the substantial owner of the property so that the entire loss would fall upon him? During the continuance of the life estate of the parents he had no right whatever to the enjoyment of the property. How long that might last is, of course, uncertain, but the estate was created in 1945 and has not yet terminated. What condition the building might be in at ·the termination of the life estate, were it not for the loss by storm, is problematical. But, by insuring the property as though he was the absolute owner, he will receive now from the insurance companies the present value of the building destroyed and will be under no obligation to restore the building: McCracken v. McCracken, 24 D. & C. 367 (1935). This is one of the evils sought to be guarded against by the use of the clause. While the loss of the barn on the property would ultimately fall upon plaintiff, the present loss is upon the life tenants. If plaintiff were to recover on the policy, he would presently be receiving indemnity for a loss which he would not incur until sometime in the future. It cannot be said that the entire loss would fall upon him.

There is some analogy between this case and Schloss v. Importers and Exporters Insurance Co., 83 Pa. Superior Ct. 426 (1924). In that case plaintiff held an automobile under bailment lease which provided that he should become the owner upon making certain installment payments. The final installment was paid a few days before the loss. But, since the warranty in the policy referred to the time the policy was issued, and he was then not the sole and unconditional owner

of the property, the policy was void. Likewise, in this case, plaintiff eventually will become the sole and unconditional owner of the property, but he was not such at the time the policy was issued.

Plaintiff contends that even if he were not the sole and unconditional owner of the property one of the companies waived this defense by accepting payment of a premium assessment after the loss occurred. It is not necessary to discuss this question as it is squarely ruled against plaintiff by Kittleberger v. Clearfield Insurance Company, 106 Pa. Superior Ct. 333, 340. As there pointed out, the rights and responsibilities of the parties under the policy had become fixed before payment of the assessment was made. Plaintiff was not in any way misled by the acceptance of the assessment since he had already instituted suit under the policy.

Further, plaintiff contends that the fact that the policy contained a mortgage clause making the loss payable to the Littlestown National Bank estops defendants from raising this defense in this case. There are two answers to this contention. First, a mortgage on the insured property is not affected by the sole and unconditional ownership provision: Collins v. London Assurance Co., 165 Pa. 298 (1895); Imperial Fire Insurance Company v. Dunham, 117 Pa. 460, 476 (1888). Second, the effect of the sole and unconditional ownership clause can be overcome by a rider to the policy showing that it does not apply to a particular situation.

Finally, plaintiff contends that the fact that his deed was a matter of record constituted constructive notice to the company of the existence of the life estate in his parents. This would be true if the companies were under obligation to search the title of each insured property, but this is not the case since the recording statutes do not apply to insurers of property.

We conclude that plaintiff was not the sole and unconditional owner of the property at the time the insurance policy issued (or at the time of the loss), and that under the terms of the policy the policy was void, and that nothing which was subsequently done would validate the policy.

And now, March 10, 1958, plaintiff's motion to take off the nonsuit entered in this case is denied. An exception is noted on behalf of plaintiff.