# Blooming Grove Mutual Fire Insurance Company *versus* McAnerney.

1. A clause in an application for a policy of fire insurance provided that all statements made therein should be warranties on the part of the insured. One of the questions was, " What incumbrances on the property ? " The answer as written was " none." In an action on the policy issued in pursuance of the application, brought by the insured, the company defended on the ground that at the time of the application a judgment against the plaintiff was a lien on the property. The court permitted the plaintiff to show that at the time of signing the application he told the company's agent that he had given a note, but he did not know whether it was entered up or not; that the understanding was, it was not to be entered; that the agent then asked, " Well, shall I put it down incumbrance or no incumbrance ?" to which plaintiff replied, " You can put it as you please." The agent said, " I will put it down no incumbrance," to which plaintiff made no answer.  The court instructed the jury that if the plaintiff stated the truth to the agent, and the agent wrote no incumbrance, the company could not set up the act of their own agent to defeat the policy :

*Held*, to be error. The statement being written by the plaintiff's assent without his knowing whether it was true or not, and being a warranty, the plaintiff took the risk of its being true, and it turning out to be untrue in fact, there was a clear breach of warranty, and the plaintiff was not entitled to recover on the policy.

2. The fact that the agent, in above case, was also a director in the company, was immaterial.

      February 12th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

      ERROR to the Court of Common Pleas of *Lycoming county :* Of July Term 1882, No. 161.

      Covenant, on a policy of fire insurance, by John H. McAnerney against the Blooming Grove Mutual Fire Insurance Company. Pleas, covenants performed absque hoc, payment, and payment with leave.

      On the trial, before CUMMIN, J., the plaintiff put the policy in evidence. It was admitted that the property was totally

[Blooming Grove Mut. Fire Ins. Co. *v.* McAnerney.]

destroyed by fire within the period of time covered by the policy.

The defendant put in evidence the application, the statements in which were warranted by the assured to be true, in which it was stated that there were no incumbrances against the property. They then proved that a judgment had been entered against the plaintiff which was a lien on the premises at the date of the application.

The plaintiff was permitted to testify, against the defendant's objection, that in making out the application he told the agent, who was also a director in the company, that he had given a note, on an agreement that it was not to be entered up, but he did not know whether it had been entered or not; that he, the agent, could put down incumbrance or no incumbrance as he pleased; the agent said he would write " none," to which plaintiff made no remark. It afterwards appeared that at the time of the conversation judgment had been entered on said note.

The defendant requested the court to instruct the jury that under the evidence the plaintiff was not entitled to recover. Refused.

The court charged the jury, that the company was chargeable with knowledge of the facts stated by the plaintiff to the agent, and if the agent then wrote down that no incumbrances existed, the company can not set up the action of their own agent to defeat the policy.

Verdict for the plaintiff for $614.46, and judgment thereon. The defendants took this writ of error, assigning for error, the admission of the plaintiff's testimony, the refusal of their point, and the charge of the court as above.

*John J. Metzgar*, for the plaintiff in error.

· · *Henry C. McCormick*, for the defendant in error, cited: Smith *v.* Ins. Co., 8 Norris 291; Eilenberger *v.* Ins. Co., Id. 464; Ins. Co. *v.* Wilkinson, 13 Wall. 222; Ins. Co. *v.* Mahone, 21 Wall. 152; New Jersey Ins. Co. *v.* Baker, 4 Otto 610; Planter's Ins. Co. *v.* Sorrels, 1 Baxter 352; S. C., 25 Amer-Rep. 780.

Mr. Justice PAXSON delivered the opinion of the court, March 26th 1883.

· This was an action of covenant upon a policy of insurance. The dwelling house insured was totally destroyed by fire. The company set up a breach of warranty as a defence.

The application contained among a number of other questions which were answered by the assured, the following:

" What incumbrances on the property ?" which was answered, so written down, and signed by the assured, " None." The application contained this provision : " This application shall form a part of the policy of insurance, and all the statements herein made shall constitute warranties on the part of the insured." At the time the application was made and signed by the assured there was a judgment of $1,000 entered against him in the Court of Common Pleas of Lycoming county which was a lien upon the insured premises.

Upon this state of facts there was a clear breach of the warranty against incumbrances and the plaintiff below could not recover upon his policy. To meet this difficulty he introduced evidence, under objection from the defendant below, to prove that at the time the application was filled up, the assured told the agent that he had given a note to his father and his aunt ; that he did not know whether the same was entered or not ; that his father had agreed that it should not be entered. After the assured had made this explanation to the agent, the following is what occurred according to the testimony of the assured himself : " He (the agent) says : ' Well, shall I put it down incumbrance or no incumbrance ?' I says : ' You can put it as you please.' He says : ' I will put it down no incumbrance.' I made no remark."

It will thus be seen that the assured, without knowing whether the judgment note, which he had given, was entered or not, acquiesced in the agent putting " it down as no incumbrance." If the assured did not know, the agent could not know ; hence there is no room for any allegation of fraud practiced upon the assured, or that the agent had placed his own construction upon the language of the assured, and had thus inserted in the application an answer he did not make. For this reason the cases of Smith *v.* Mutual Insurance Company, 8 Norris 287, and Eilenberger *v.* Protective Mutual Fire Ins. Co., Id. 464, do not apply. We think the case comes directly within the ruling of Commonwealth Mutual Fire Ins. Co. *v.* Huntzinger, 2 Outerbridge 41. The facts are almost identical. There the warranty was as to additional insurance. The assured told the agent he thought it was $1,500 or $2,000, he did not know which. The agent said he would put it down at $1,500, to which the assured assented and signed the application. There was no fraud or intentional misrepresentation ; there was a mistake. But where a man warrants a statement to be true he must be held to its absolute truth. " The purpose in requiring a warranty is to dispense with inquiry and cast upon the assured the obligation that the facts shall be as represented :" Ins. Co. *v.* Huntzinger, supra.

If George Redfoot, the agent who received this application

was, as was claimed by the defendant in error, also a director
of the company, and clothed by its by-laws with full power to
act in the premises, we do not see how it materially affects the
case.   If the company had knowledge of all that occurred at
the time the application was signed, there is still a breach of
warranty.   Neither the assured nor the agent knew the judg-
ment had been entered ; both were perhaps aware that it might
be ; the assured with this knowledge took upon himself the re-
sponsibility of warranting against incumbrances.   He assumed
the risk, and must be held to his warranty.

We need not refer to the assignments in detail.

The judgment is reversed and a venire facias de novo
awarded.