## Moncur, Appellant, *v.* Western Life Indemnity Co.

*Insurance—Life insurance—Application—Attaching to policy—Medical examiner's report—Act of May 11, 1881, P. L. 20—Affidavit of defense — Warranty as to other insurance — Evidence — Practice Act of 1915—Photographs.*

1. Where an application for life insurance, signed by the applicant, is followed by the medical examiner's report, signed by the physician for the company, but not by the applicant, the latter paper need not be attached to the policy.

2. The examiner's report is not part of the "application as signed by the applicant," within the meaning of the Act of May 11, 1881, P. L. 20.

3. Where an applicant for life insurance warrants that he had never applied to any other company without receiving a policy of the exact kind and amount applied for, his warranty is broken where it appears that he had applied to another company for a policy, and accepted two policies of a different kind in place thereof, with his age rated up five years, and with an increased premium.

4. Where, in such case, a question arises as to the identity of the plaintiff with the person who signed the application to the other company, a photostatic copy of the application may be admitted in evidence for comparison with an admittedly genuine signature of plaintiff, subject to the limitation in identification, admitted by the expert who made the comparison, that the dynamic characteristics of the writing, could not be produced in the photostatic copy.

5. In an action on the policy, an averment of the warranty in the affidavit of defense, with a further charge that the answers "were false and fraudulent," is sufficient to permit the admission of evidence as to the two policies issued by the other company, under the Practice Act of 1915.

6. In such case defendant is not required to particularize its evidence in the affidavit of defense.

Argued January 5, 1921.   Appeal, No. 259, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1916, No. 3260, on verdict for defendant, in case of Mary E. Moncur v. Western Life Indemnity Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING,

SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Assumpsit on policy of life insurance.    Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court.

*George J. Edwards, Jr.,* for appellant.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, February 14, 1921:

Appellant brought suit on a life insurance policy, issued by appellee on the life of her brother, in which she was named as beneficiary; the company defended on the ground of fraud by concealment of facts material to the risk, and, after a trial in which the questions at issue were submitted to the jury, a verdict was found for defendant.    Plaintiff has appealed.

Appellant contends that the application annexed to the policy in suit, on which the defense is founded, is not a correct copy of the application made to the appellee by the insured; and, therefore, under the Act of May 11, 1881, P. L. 20, it is not admissible in evidence. That act provides: "All life......insurance policies ......which contain any reference to the application of the insured......either as forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application, as signed by the applicant," under the penalty that, unless so attached, no such application shall be received in

evidence in any controversy between the parties or be considered a part of the policy or contract.

There was attached to the policy a correct copy of the application "as signed by the applicant," concluding with the statement: "It is hereby agreed that all the foregoing statements and answers, made to the company's medical examiner, are warranted to be true and are offered to the company as a consideration of the contract." Beneath this was the signature of the insured. On the original application following this, were interrogatories addressed to and intended to be answered and signed by the company's medical examiner; which in fact were signed by him and not by the applicant. The purpose of these interrogatories was to advise the company as to what was ascertained by the physician as a result of his technical, physical examination. This part of the paper was not attached to the policy.

What the Act of 1881 requires to be attached to the policy is a correct copy of the application "as signed by the applicant"; and, in this case, everything over his signature, to which it related, was attached to the policy. He could not be affected by anything that was certified to the company by the medical examiner for the reason that the medical examiner was not his agent, but the agent of the company.

The precise question we are now considering was before the Superior Court in Baldi v. Metropolitan Insurance Co., 18 Pa. Superior Ct. 599, and, in holding, as we now hold, that the medical examiner's report, where it is not signed by the applicant, need not be annexed to the policy, that court, speaking through President Judge RICE, said: "The medical examiner was not his agent but selected by the company. His declarations, although endorsed on the paper itself, could not be offered in evidence against the plaintiff, in the absence of extrinsic evidence that they were authorized or assented to by him. By no process of reasoning can it be held that the latter

[the insured] warranted the truth of the answers and statements of the medical examiner."

The defense made to the claim under the policy is, that it was obtained by fraudulent representations made by the insured in his application in respect to his rejection by other companies, and the acceptance by him of a substandard policy of a kind other than that for which he applied. It is argued by appellant that the proof offered, as to his rejection by other companies, was inadmissible, because the insured was not properly identified as being the same person who applied for insurance in the other companies, and that the attempt to identify him, by a comparison of his signature, admittedly genuine, with signatures on photostatic copies of the application for the other policies, was not proper. While, in our opinion, it was not necessary to produce at the trial the originals of the other applications, which were in jurisdictions outside of Pennsylvania, and possibly could not be produced, and photostatic copies thereof, admitted to be correct copies, could properly be admitted in evidence, as forming a basis for comparison of signatures with signatures admittedly genuine,—subject to the limitation in identification, admitted by the expert who made the comparison, that the dynamic characteristics of the writing could not be produced in the photostatic copy,—we think another feature of the case, as to which there can be no doubt, settles the question which appellant raises, that there was a failure to establish a defense, on any ground, against her, and convincingly shows that the defendant's position was supported by adequate proof. This makes the feature of the case to which we are about to allude determinative of the issue.

The defendant established by uncontradicted testimony, indeed by the admissions of the plaintiff herself, that the insured had made application to the Equitable Life Insurance Society for an ordinary life policy for $5,000 on which the annual premium would have been $64.85, that this policy was not issued, but two policies

of a different kind, known as substandard policies, with his age rated up five years, and with an increased premium, were issued to and accepted by the applicant. The testimony of the appellant showed the execution by her of assignments of these policies and the execution of other papers connected with them. The genuineness of the application for these policies and all other material facts relating to them were not dependent upon the testimony of any witness produced by the appellee, but are shown by the evidence of the appellant herself. Since it was established that these substandard policies were issued to and accepted by the insured, the statement in his application for the policy in suit, which he warranted to be true, "I have never applied to any company or association for insurance without receiving a policy of the exact kind and amount applied for," was not true. He, therefore, concealed from the company a fact which was material to the risk. This concealment would have been sufficient justification for the trial judge's giving binding instructions in the defendant's favor: March v. Metropolitan Life Ins. Co., 186 Pa. 629; Meyer-Bruns v. Penna. Mutual Life Ins. Co., 189 Pa. 579; American Union Life Ins. Co. v. Judge, 191 Pa. 484; Smith v. Northwestern Mutual Life Ins. Co., 196 Pa. 314; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332; and in permitting the jury to pass upon the case, the appellant was accorded a privilege to which she was not entitled.

The appellant questions the right of the court below to receive evidence as to these Equitable policies, because there was nothing in the affidavit of defense which warranted the court in admitting them. The affidavit of defense alleges: "Defendant avers that the insured in his application stated as follows 'I have never applied to any company or association for insurance without receiving a policy of the exact kind and amount applied for, except as hereinbefore stated' and that he warranted his answers to be true, when in fact they were false and fraudulent." The evidence was clearly admissible under

this averment; the defendant was not required to particularize its evidence in the affidavit of defense.

As we are of opinion that binding instructions for the defendant should have been given by the trial judge, because of the concealment by the insured, in his application to the defendant, of the very material fact that he had received a policy from the Equitable Company, not of the exact kind he applied for, which concealment rendered the policy in suit void, it follows, that all the assignments of error must be and they are overruled.

The judgment is affirmed.