## Stawartz, Appellant, *v.* Western Life Indemnity Co.

*Insurance—Life insurance—Policy—Application for—Warranties—Misrepresentation—Breach of warranty.*

In an action of assumpsit on a life insurance policy it appeared that in the application, signed by the insured, to the question as to whether the insured had ever applied for insurance, the answer was "none." The application contained a warrant of the truth of the answers and further provided that "if any of the said statements and answers * * * * * shall prove in any respect untrue, then any policy issued upon this application shall be void and of no effect without any action on the part of said company * * * * *."

Testimony was produced on the part of the defendant company to prove that about two years before the policy was issued the decedent had applied for insurance and that he had never received it. There was also testimony that the beneficiary was present when the application was made, that she knew the character of the answer and subsequently received the policy.

The answer of the insured and the further concealment by the beneficiary of her knowledge of the prior application for insurance

constituted a breach of warranty and binding instructions were properly given for the defendant.

The misrepresentation cannot be excused by saying that the beneficiary adopted the conclusion of the examining agent, that there had been no rejection of the prior application because they had not heard of it. The failure to disclose on the application the fact that there had been a prior application, regardless of what had become of it, constituted a breach of warranty.

The beneficiary accepted and retained the policy, knowing that there was a direct concealment of the fact of the prior application. She had it within her power to prevent the fraud, as knowledge of it was within her reach. Neither she nor the beneficiary can be permitted to take the fruits of the misrepresentation.

Argued May 5, 1925. Appeal No. 188, April T., 1925, by plaintiff from judgment of C. P. Allegheny County, January T., 1924, No. 59, in the case of Josephina Stawartz v. Western Life Indemnity Company, a corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on policy of insurance. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the defendant and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in giving binding instructions in favor of the defendant.

*Jos. F. Mayhugh,* for appellant.—Evidence is admissible to prove that an applicant for insurance made truthful answers to the questions contained in the application and that the agent of the company erroneously reduced them to writing: Smith v. Farmers and Mechanics Mutual Fire Ins. Co., 89 Pa. 287; Susquehanna Mutual Fire Ins. Co. v. Cusick, 109 Pa. 157; Mullen v. Union Central Life Ins. Co., 182 Pa. 150; Suravitz v. Prudential Ins. Co., 244 Pa. 582; Feinberg v. N. Y.

Life Ins. Co., 256 Pa. 61; Kister v. Lebanon Mutual
Fire Ins. Co., 128 Pa. 553; Fidelity T. & T. Co. v.
Metropolitan Life Ins. Co., 64 Pa. Superior Ct. 361;
Carrozza v. National Life Ins. Co., 62 Pa. Superior Ct.
153.

Where a policy is procured through the agency of
one representing the insurance company and he,
either through fraud or mistake, writes a fact as war-
ranted in the policy or application different from that
stated by the insured, notwithstanding the rule as to
warranty, the truth may be shown: Eilenberger v.
Protective Mutual Fire Ins. Co., 89 Pa. 464.

*Donald Thompson,* of *Calvert, Thompson & Wilson,*
for appellee, cited Commonwealth Mutual Fire Insur-
ance Co. v. Huntzinger, 98 Pa. 41; Pottsville Mutual
Fire Ins. Co. v. Fromm, 100 Pa. 347; Blooming Grove
Mutual Fire Insurance Company v. McAnerney, 102
Pa. 335; Weber v. Metropolitan Life Ins. Co., 172 Pa.
111; March v. Metropolitan Life Ins. Co., 186 Pa. 629;
Metropolitan Life Ins. Co. v. Freedman, Ex'r., 159
Mich. 114; Gamble v. Metropolitan Life Insurance Co.,
41 L. R. A. 1199; Rinker v. Aetna Life Insurance Com-
pany, 214 Pa. 608.

OPINION BY LINN, J., July 9, 1925:

Appellant, beneficiary named in a policy of insur-
ance on her husband's life, complains that a verdict
for defendant was directed on the ground of breach of
warranty in obtaining the policy. Among other state-
ments, the application contained the following: "I
have never applied to any company or association for
insurance without receiving a policy of the exact kind
and amount applied for except as hereinbefore stated.
I hereby agree that all of the foregoing statements and
answers........are warranties and are by me war-
ranted to be true, and are offered to the company as

a consideration of the contract......and I agree that if any of the said statements and answers......shall prove in any respect untrue, then any policy issued upon this application shall be void and of no effect without any action on the part of the said company......'' The defense was that about two years before, decedent had applied to another life insurance company for such insurance and had been rejected.

If decedent applied to another company for insurance and his application was refused, or if he applied but did not receive ''a policy of the exact kind and amount applied for,'' there was a breach of the warranty which, unless excused, bars recovery: Moncur v. Western Life Indemnity Co., 269 Pa.. 213. The policy in dispute in that case was issued by the present appellee, and the same warranty was in question. The Supreme Court stated that plaintiff herself proved the breach of warranty, by her testimony that prior to applying for the policy in suit, the insured had applied for an ordinary life policy which the company declined to issue, and that a substandard policy was issued, at an increased premium, by rating up the insured's age five years; and it was held that such concealment constituted a breach of warranty and ''would have been sufficient justification for the trial judge's giving binding instructions in the defendant's favor ......'': 269 Pa. at p. 217.

In the record before us, the appellant testified that about two years before this policy was issued, decedent had applied for insurance and that he had never received it. The court below was therefore warranted in directing a verdict for the defendant.

As the emphasis of appellant's argument fell not upon this, but on another feature of the evidence, we shall refer to it. It will be noticed that the warranty was that there had been no prior applications (regardless of whether they were ever heard of, rejected, or

accepted with modification) "except as hereinbefore stated." One of the matters to be "hereinbefore stated" by the applicant was this: "12. All applications for insurance on life of applicant heretofore declined, stating names of companies and associations and amount applied for in each." The word "none" was stated as the answer. The evidence of appellant herself was that the answer was untrue; that two years before, her husband had applied for other insurance and had never heard of the application again. (Defendant's evidence, which we lay aside, in considering whether binding instructions were correct, was that she was advised of the rejection.) When she received the policy in suit, she examined it and the attached application and saw that the word "none" was written in reply to that request for information; she held the policy for years without advising the insurance company that the facts did not accord with what was stated in the application as a basis for the insurance. Her explanation of the matter is as follows. Her husband, the insured, was a foreigner, knowing English imperfectly. She, however, as she testified, could "speak English very well" and "read and write it well," and had been acting as interpreter "around places." She was present when the application was prepared, and interpreted for her husband; in fact, she did more than interpret for him, as appears by the following evidence of her daughter, who, asked particularly with regard to what took place when question 12 in the application was read, testified: "Mama turned around and asked pap, and pap says, 'Well, you know, 'Phene, what that is, because you read all my mail.' And he told mama to tell them, and mama told Oeffner [defendant's solicitor who took the application and who died before the trial] that papa did make an application, but we got no answer whatever; and he says, 'Well, if the doctor didn't finish his examination, that

wouldn't be no rejection.' And what the doctor [Oeffner] wrote I didn't see, because he was at the table, while we were on the davenport.'' When the examination was completed, the insured signed the application, without having it read to him. After the policy was issued, it was delivered to appellant, the beneficiary, who kept it; in answer to the question whether she then examined it, she said, ''Oh yes; I looked over the policy and it was all right to me. I seen it was a good company and I seen all questions was answered right. ... ... .'' She also testified as follows: ''Q. Well, you said yesterday that when you looked it over you noticed the word 'None' after the twelfth question. Did that signify anything in particular to you? A. Well, no it wouldn't because the doctor told me that that was no rejection in the Reserve Loan. Q. And then did you say anything to your husband about it? A. No, I didn't tell him about it, because I didn't think it was worth while telling him, when the doctor said that.''

Now even assuming that the first application was not declined or rejected, it is nevertheless true that an application had been made and that appellee wished to know the fact; it is also true that the conduct of appellant, in accepting and retaining the policy of which the application was part, with her concealed knowledge of the fact of the prior application for insurance undisclosed in the application, constituted a breach of his warranty that he had never applied to any company for insurance without receiving what he applied for. This breach of warranty cannot be excused in the circumstances of this case, by saying that the beneficiary adopted the conclusion of the examining agent, that there had been no rejection of the prior application merely because they had not heard from it, and which led to the answer ''none'' to inquiry 12; because the real difficulty with this branch of appellant's argu-

ment is the failure to disclose on the application the fact that there had been a prior application regardless of what had become of it. The beneficiary knew all about that and was as much a party to this concealment as the agent, (assuming that he participated); she was not illiterate, did not lack complete knowledge of the situation, but on the contrary (herein differing from the conditions referred to in Suravitz v. Prudential Insurance Co., 261 Pa. 390, at 404), accepted and retained the policy knowing that there was a direct concealment of the fact of the prior application: Ins. Co. v. McAnerney, 102 Pa. 335, 337; Weber v. Ins. Co., 172 Pa. 111, 115; March v. Ins. Co., 186 Pa. 629, 646; Rinker v. Ins. Co., 214 Pa. 608, 613, in which the court said: "Inspection [of the policy and application attached thereto] would have shown that a fraud had been committed both upon her and upon the company, and it would have been her plain duty to make the fact known to the company. She had it within her power to prevent the fraud, as knowledge of it was within her reach. Neither she nor her beneficiary can be permitted to take the fruits of the misrepresentation." See also Carroza v. Ins. Co., 62 Pa. Superior Ct. 153; Suravitz v. Ins. Co., supra.

An insurance company may of course not profit by the fraudulent conduct of its agent in materially misstating in the written application, the information given by an applicant; and where, as here, appellant proposes to remove an obstacle,—an admitted breach of warranty,—the burden of producing the evidence is on the appellant (Yeager's Est., 273 Pa. 359, 363), and the testimony relied on to accomplish it, must not be merely preponderating, it must be clear and satisfactory: Suravitz v. Prudential Ins. Co., supra; Soroko v. Woodmen, 76 Pa. Superior Ct. 328, 332. Appellant had acted for the insured as applicant and for herself as beneficiary when the application was made;

had received the policy afterwards, examined it, observed that "all the questions were answered right," and retained it in her possession for years.   On the testimony offered by plaintiff, the court was correct in directing a verdict for the defendant.

The judgment is affirmed.