Aloise Meyer-Bruns, Executrix of the last will and testament of Frank Meyer-Bruns, deceased, Appellant, v. The Pennsylvania Mutual Life Insurance Company.

*Insurance—False answer in application—Evidence.*

In an action upon a policy of life insurance where the application showed that the insured had falsely stated that he had not been rejected by any other company, evidence that at the time the insured was being examined he stated to the medical examiner that he had been rejected by another company, and that the examiner had told him that the other company was a beneficial and not an old line company, and that his rejection would not affect his policy, is not admissible to rebut the statement in the application.

In an action upon a policy of life insurance where the uncontradicted evidence for the insurance company established the fact that the insured had falsely stated in his application that he had not been rejected by another company and that he had no serious illness, while, in fact, he had a fatal disease of which he died in about four months thereafter, it is proper for the trial judge to direct the jury to return a verdict in favor of the insurance company.

Argued Jan. 6, 1899. Appeal, No. 152, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1896, No. 428, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before FINLETTER, P. J.

At the trial the uncontradicted evidence on behalf of the defendant was that the insured in his application had answered "no" to the question whether he had ever been rejected, declined or postponed by another insurance company. He had

also stated in his application that he had no serious illness. The proof showed that he had been rejected by an insurance association known as the Catholic Knights of America, and that at the time of the insurance he had cirrhosis of the liver, of which he died about four months after the policy was issued.

Charles Stable was called on behalf of the plaintiff to prove that, at the time of the examination by the physician representing the defendant, the insured, Frank Meyer-Bruns, told him that he had been rejected as a member of the Catholic Knights of America; and that the doctor said that it was a beneficial insurance and not an old line company, and it would not affect it; this for the purpose of rebutting the statement in the application for insurance that he was not rejected by an insurance company.

Defendant's objection was sustained. Exception for plaintiff. [1]

The court charged as follows:

There is no disputed question of fact to go to the jury in this case and no question of law. In this case the evidence of the defense is complete and absolute, and therefore it is my duty to direct you to find a verdict for the defendant. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) charge of the court, quoting it.

*M. J. O'Callaghan*, with him *Frank E. Schermerhorn* and *Frederick L. Breitinger*, for appellant.—The question of the good faith of the applicant for life insurance is a question for the jury, and the offer of the plaintiff to explain the answer made to the agent of the company was competent evidence: Hermany v. Fidelity Mut. Life Assn., 151 Pa. 17; Home Mut. Life Assn. v. Gillespie, 110 Pa. 84; Carson v. Metropolitan Life Ins. Co., 1 Pa. Superior Ct. 572; Equitable Life Assurance Society v. Hazlewood, 7 L. R. A. 217; Dietz v. Metropolitan Life Ins. Co., 168 Pa. 504.

The mistake of an insurance agent in preparing an application will not enable his principal to avoid the contract of insurance: Kister v. Ins. Co., 128 Pa. 553; Dowling v. Merchants Ins. Co., 168 Pa. 234; Mullen v. Ins. Co., 182 Pa. 151.

The Act of June 23, 1885, P. L. 134, providing that policies of life insurance shall not be forfeited on account of incorrect statements of the applicant, if such statements are immaterial to the risk, cannot be waived by the assured: Hermany v. Mut. Life Assn., 151 Pa. 17; Keatley v. Ins. Co., 187 Pa. 197.

*George Tucker Bispham*, with him *Joshua R. Morgan*, for appellee.—The evidence shows conclusively that this was an attempt to recover upon a policy taken out by a man who had applied to another company and been rejected, and who, at the date of his application to the company defendant, was in an advanced stage of a fatal disease which resulted in his death a few days over four months after the policy was issued.

The statements as to the health of the deceased were shown by uncontradicted testimony to have been false, and their materiality is self-evident.

To apply the act of 1885 to such a case as the present would be to go much farther than a just interpretation of the legislative intent would seem to warrant.

Regarding the charge of the learned judge directing a verdict for the defendant it is, perhaps, sufficient to cite in support thereof the case of Wall v. Royal Soc. of Good Fellows, 179 Pa. 366.

PER CURIAM, January 30, 1899:

The proposed testimony referred to in the first specification was rightly excluded because it was incompetent for the purpose stated in the offer or for any other legitimate purpose in this case.

We find nothing in the testimony that would have justified the learned trial judge in submitting the case to the jury. There was no disputed question of fact for their consideration. It was conclusively shown by uncontroverted evidence that the plaintiff was not entitled to recover on the policy in suit, and there was therefore no error in directing a verdict in favor of the defendant company.

Judgment affirmed.