# Clymer Opera Company to use *v.* Birmingham Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Sole ownership—Covenants—Waiver—Estoppel.*

When a policy of fire insurance is issued without a written application, and the agent authorized by the company to write the policy, knows that the covenant as to "unconditional and sole ownership" in the insured, is inconsistent with the facts, and that the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach of the covenant.

Argued May 7, 1912. Appeal, No. 86, April T., 1912, by defendants, from judgment of C. P. Indiana Co., June T.,

1910, No. 358, on verdict for plaintiff in case of Clymer Opera Company to use of Savings & Trust Company v. Birmingham Fire Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before TEL-FORD, P. J.

The court charged in part as follows:

[If you find that Mr. C. C. McLain was an agent of the defendant companies, and as agent got this insurance and had it written knowing that the property insured was located on leased ground and not upon ground on which the Clymer Opera Company had the fee simple title, then the plaintiff should recover a verdict against the defendants for the amount of the indemnity secured by policies, with interest from date of the fire.] [1]

Defendant presented these points:

1. By agreement dated December 26, 1908, W. F. Neely leased to Lloyd Hill et al., trading as the Clymer Opera Company, a lot of ground in the borough of Clymer, known as lot No. 68, on Franklin street, upon which lot the plaintiff erected an opera house which was destroyed by fire, and to recover the insurance upon which this suit is brought. The agreement of December 26, 1908, is a lease, and the interest of the assured in the real estate is not the unconditional and sole ownership contemplated by the policy of insurance upon which suit is brought. The plaintiff therefore cannot recover against the defendants. *Answer:* This point is declined. [2]

2. The Indiana Insurance Agency, Timberlake & Mc-Lain, the agent for the Safety Mutual Fire Insurance Company of Lebanon, Pa., the India Mutual Insurance Company of Boston, Mass., and the Birmingham Fire Insurance Company of Pittsburg, Pa., and the Flood City Mutual Fire Insurance Company of Johnstown, had no authority to waive the provision in the policy in regard to

buildings standing upon leasehold except by indorsement in writing upon the policy or by writing thereto attached, and this stipulation in the policy was a complete notice to the insured of the agent's limited authority, and the assured had no right to assume that the company or companies defendant in this case had or would waive this provision unless he found such waiver written upon or attached to the policy. The plaintiff therefore cannot recover. *Answer:* This point is declined. [3]

3. There is no testimony in this case to show that either the defendant company, or any person having authority to do so for it, waived the provision in the policy which makes it void if the subject of insurance be a building upon ground not owned in fee simple, and in the absence of such evidence, the plaintiff is not entitled to recover and the verdict should be for the defendant. *Answer:* This point is declined. [4]

4. Under all the evidence in the case the verdict must be for the defendants. *Answer:* This point is declined. [5]

Verdict and judgment for plaintiff for $539.41. Defendants appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Wm. E. Schaak*, with him *D. B. Taylor*, for appellants:— The agent had no authority to waive the provision as to leased property, except by writing indorsed on or attached to the policy, and of this the insured had full notice by the plain terms of his policy: Beddall v. Ins. Co., 28 Pa. Superior Ct. 600; Bemis v. Ins. Co., 200 Pa. 340; O'Connor v. Decker, 30 Pa. Superior Ct. 579.

Where a policy contains a condition to this effect, it must be complied with, and an insurable interest, not amounting to sole and unconditional ownership, will not suffice. The question is not whether the insured had an insurable interest, but whether he had the interest described in the policy: Duda v. Home Ins. Co., 20 Pa. Su-

perior Ct. 244; Kompa v. Ins. Co., 28 Pa. Superior Ct. 425; Beddall v. Citizens' Ins. Co., 28 Pa. Superior Ct. 600; Schroedel v. Ins. Co., 158 Pa. 459; Bateman v. Ins. Co., 189 Pa. 465; Moore v. Ins. Co., 196 Pa. 30; Weisenberger v. Fire & Marine Ins. Co., 56 Pa. 442; Northern Assur. Co. v. Grand View Bldg. Assn., 183 U. S. 308 (22 Sup. Ct. Repr. 133).

*Samuel Cunningham*, with him *Ernest Stewart*, for appellee.—The act of the agent is the act of the company, and where it was the agent's act that the policy was misleading, the company is responsible: Philadelphia Tool Co. v. Assurance Co., 132 Pa. 236; Caldwell v. Fire Assn., 177 Pa. 492; People's Ins. Co. v. Spencer, 53 Pa. 353; Damms v. Fire Ins. Co., 226 Pa. 358; Porter v. Ins. Co., 29 Pa. Superior Ct. 75; McKeesport Machine Co. v. Ins. Co., 173 Pa. 53.

OPINION BY PORTER, J., July 18, 1912:

The plaintiff in this action upon a policy of insurance recovered a verdict and judgment in the court below and the defendant appeals. The policy contained a clause stipulating that: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." The policy was not based upon a written application by the assured. There was not a scintilla of evidence tending to establish that the assured had been guilty of any fraud or made any misrepresentation as to the title. It appeared at the trial that the subject of the insurance was a building on ground not owned by the insured in fee simple. The plaintiff company owned the building, but it stood upon ground held under a lease. If this had been the only fact established by the evidence, the insurance would have been invalidated by the express covenants of the policy and the

plaintiff would not have been entitled to recover.  The plaintiff called three witnesses whose testimony, if believed, clearly established that at the time the insurance was effected and the policy written all the facts as to the nature of the title of the assured had been made fully known to the agent of the defendant company duly authorized by the company to write the policy.  The testimony of these witnesses was contradicted by the agent who represented the company.  The issue of fact, whether the representative of the company knew at the time the policy was written that the buildings stood upon leased ground, thus presented by the conflicting testimony, was fairly submitted to the jury.  The appellant does not complain of the manner in which that question was submitted, but asserts that it ought not to have been submitted in any manner.  The contention of the appellant is that the clause of the policy above quoted could only be waived by an agreement indorsed upon the policy.

The question presented by this appeal is not whether the company had waived this particular covenant of the policy, but is whether under the facts established by the evidence it was estopped to assert that covenant.  Covenants of this character have frequently been passed upon by the courts, held to be valid, and given full effect, unless the assured produced evidence establishing facts which estopped the company to assert the covenant or constituted a waiver of its provisions: Schiavoni v. Dubuque F. & M. Insurance Co., 48 Pa. Superior Ct. 252, and cases there cited.  The decisions firmly establish the following principle with regard to the covenant with which we are now dealing.  When the policy is issued without a written application and the agent authorized by the company to write the policy knows that one of its conditions is inconsistent with the facts, and the insured has been guilty of no fraud or misrepresentation, the company is estopped from setting up the breach of said condition: Caldwell v. Fire Association, 177 Pa. 492; Damms v. Humboldt Fire Insurance

Co., 226 Pa. 358; Porter v. Insurance Company of North America, 29 Pa. Superior Ct. 75. It was admitted at the trial that the agent who represented the company in the present case, was duly authorized by the company to enter into contracts of insurance on its behalf and to write and issue policies. The jury found, upon clearly sufficient evidence, that the representative of the company knew, at the time the policy was issued, all the facts and circumstances having any bearing on the title to the property. This being so the case was clearly within the rule recognized by the decisions above cited, and the defendant company was estopped to assert the covenant of the policy upon which it relied to defeat a recovery. All the specifications of error are overruled.

The judgment is affirmed.