Panopoulos, Extr., Appellant, *v.* Metropolitan Life Insurance Company.

Argued April 17, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Stewart P. McConnell,* for appellant.—Mere proof of falsity of a representation or warranty does .not render a life insurance policy void: Lutz v. Insurance Company, 186 Pa. 527; Skruch v. Metropolitan Life, 284 Pa. 299; Mellosky v. Eureka-Maryland, 93 Pa. Superior Ct. 314.

*D. C. Jennings,* and with him *Dan H. Stone,* for appellee.—The conditions of the policy as to sound health, previous disease and history of medical attendance were essential: Connell v. Metropolitan Life Insurance Co., 16 Pa. Superior Ct. 520; Murphy v. Metropolitan Life Ins. Co., 118 N. W. 355; Hammers v. National Life, 292 S. W. 1064; Lewandowski v. Western and Southern Life Insurance Co., 241 Ill. App. 55.

OPINION BY GAWTHROP, J., July 2, 1929:

On April 6, 1926, Helen Panopoulos, a married woman of twenty-eight years, insured her life in defendant company in favor of her estate. The policy issued to and accepted by her was an industrial or

weekly payment one. She received no physical examination. On March 18, 1927, she died, and in a suit on the policy the court below directed a verdict for defendant. From the judgment entered thereon plaintiff appeals.

The policy states that it is issued "subject to the conditions below and on page two hereof, each of which is hereby made a part of this contract, and contracted by the insured and every person entitled to claim thereunder, to be a part hereof." Among the conditions referred to in the language quoted appeared the following clauses: "This policy contains the entire agreement between the company and the insured and the holder and owner hereof."

"If, (2) ...... the insured ...... has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or before said date has had any pulmonary disease or chronic bronchitis or cancer or disease of the heart, liver or kidneys, unless such ....... medical attention or previous disease is specifically recited in the 'space for endorsements' on page four in a waiver signed by the secretary; .......... then in any such case the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case the premiums will be forfeited to the company."

Defendant in its affidavit of defense averred that upon the date of the policy the insured was suffering from a serious disease or complaint, and that in September and October, 1924, she had been an inmate of, and received treatment of physicians at, the Sewickley Valley Hospital, Allegheny County, Pennsylvania, where and when she was operated upon by Dr. Harold Miller for supra vaginal hysterectomy and that no

statement to that effect is specifically recited in the "space for endorsements" on page four of the policy and a waiver signed by the secretary as provided in the policy; and that by reason of these facts the company did and does declare the policy void, and averred that it is not liable thereunder.

At the trial defendant proved by the hospital record and the testimony of two physicians that on September 20, 1924, within two years of the date of the policy, the insured was operated upon at the Sewickley Valley Hospital, the operation consisting of the removal of what the physicians called a multiple fibroid tumor of the uterus, weighing thirty pounds, and the uterus. The physicians testified that it was a serious operation. Plaintiff offered no evidence in contradiction thereof. The policy offered in evidence showed that no statement of the fact of this medical attention and operation was entered upon the policy, as required by the conditions above quoted.

It was in the light of this state of the record that the learned president of the court below held that the failure of the insured to report the fact of such medical attendance and operation upon the policy, as required by its terms, invalidated it and required a directed verdict for defendant. We entertain no doubt as to the correctness of the ruling.

This case does not involve the question of the truth or falsity of a warranty as to some matter material to the risk made in the policy. Under this policy the application, if one there was, is not made part of the contract, but the company protected itself by the provision that the policy constitutes the entire agreement between it and the insured and the holder and owner thereof. It must be held to have meant what it said. This court said in Connell v. Life Ins. Co., 16 Pa. Superior Ct. 520, 529, speaking by the present President Judge, "that there is a difference between ob-

taining a contract through a misrepresentation as to a fact, and. making the existence of that fact a condition upon which the contract, by its written terms, is dependent." In that case the policy provided: "This policy is void if the insured, before its date, has been rejected for insurance by themselves or any other company, or has been attended by a physician for any serious disease or complaint." Referring to this language, Judge PORTER said: "These were unequivocal, absolute covenants. Whether the policy was void was dependent upon actual conditions, past or present, and not upon the knowledge of those conditions possessed by the parties. The Act of June 23, 1885, relates 'to warranties in the application for life insurance policies,' and has no application to the express covenants of the policy itself, not directly dependent upon such warranties. The defense in this action was that the assured, prior to and at the time of the issuance of the policy, had Bright's disease of the kidneys and that she continued to suffer from and died of that disease. If this was true the express covenant of the parties hereinbefore recited cannot be disregarded, and the policy was void." The principle announced in the Connell case is controlling here. The fact that the insured had not, within two years before the date of the policy, been attended by a physician for any serious disease or complaint was made by the policy a condition precedent to defendant's liability for any more than the return of premiums paid on it. There can be no doubt that the fact that the insured was attended by a physician within two years for the disease or complaint which resulted in her operation was palpably and manifestly material to the risk, and that uncontradicted proof of a false warranty in respect to it in an application for insurance would have required binding instructions in defendant's favor in a case involving false warranties in the application. (See

Skruch v. Metropolitan Life Ins. Co., 284 Pa. 299; Rigby v. Metropolitan Life Ins. Co., 240 Pa. 332, and kindred cases.) The same result must follow when, as here, there is uncontradicted proof that a condition, past or present, materially affecting the risk, upon which the parties have covenanted that the validity of the policy shall depend, never existed.

The judgment is affirmed.