Robinson, Adm., Appellant, *v.* Metro. L. Ins. Co.

Argued April 28, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*J. J. Simon,* and with him *Barney Phillips,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY LINN, J., July 10, 1930:

Plaintiff, as administrator of his son's estate, brought suit on three policies of insurance on the son's life. Two were applied for November 9, 1922, and were issued under date of December 4, 1922; the third was applied for October 10, 1923 and was issued November 5, 1923. The insured died December 1, 1923, one of the causes of death being diabetes mellitus. In defense it was averred that the policies never became effective because of specified breaches of condition; tender of the premiums received was made to the administrator and refused, and subsequently kept alive by defendant. There was a verdict for the plaintiff for the total amount of the policies. The court granted defendant's motion for judgment n. o. v. and plaintiff appealed.

In each policy it was provided that it "contains the entire agreement between the company and the insured and the holder and owner hereof." Two of them contained the following: "Unless otherwise stated in the 'space for endorsements' on page four in a waiver signed by the secretary, this policy is void if the insured before its date ........ has been attended by a physician for any serious disease or complaint; or has had, before said date, any pulmonary disease or chronic bronchitis or cancer or disease of the heart, liver or kidney." The third provided: "If the insured ...... has, within two years before the date hereof, been attended by a physician for any serious disease or complaint or before said date has had pulmonary disease or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such ...... medical attention or previous disease is specifically recited in the 'space for endorsements' on page four in a waiver signed by the secre-

tary; ......" the company may declare this policy void.

No indorsements within the terms of those provisions or otherwise appeared on the policy. At the trial plaintiff made out a prima facie case by reading in evidence certain parts of the statement of claim with corresponding paragraphs from the affidavit of defense, and by offering the policies in evidence. Defendant then put in evidence the records of the Homeopathic Hospital showing that the insured entered the hospital November 26, 1922, and left December 10, 1922, and returned to the hospital December 27, 1922, and left it January 19, 1923. It will be observed that, though he applied for the insurance shortly before he entered the hospital, the first two policies were issued while he was there. These hospital records show that he was treated for diabetes mellitus. Defendant also called a physician who testified that the plaintiff asked him to prescribe for the insured in November, 1922, and that he diagnosed the son's disease as diabetes and sent him to the Homeopathic Hospital for treatment by an expert physician for that disease. Defendant called another physician, who was on the staff of the Presbyterian Hospital; he testified that between June 25, 1922, and October 3, 1923, he treated the insured in the Presbyterian Hospital on thirteen specified dates for the same disease. This treatment was shortly before the third policy was issued.

In rebuttal the plaintiff testified that one of the doctors called by defendant advised him to send his son to the Homeopathic Hospital and informed him "that he had sugar in his blood......" All the evidence in the case therefore is to the effect that immediately before the policies were issued the insured had been attended by physicians for a serious disease; that fact was not endorsed on the policy. Defendant's liability was conditioned on the fact that the insured

had not been treated for a serious disease at the time when he was undergoing such treatment. The uncontradicted evidence therefore fully showed a breach of condition on which liability would depend; that proof made it the duty of the learned court below to hold that plaintiff cannot recover: Connell v. Life Insurance Company, 16 Pa. Superior Ct. 520; Panopoulos v. Insurance Company, 96 Pa. Superior Ct. 325; Russ Insurance Company, 98 Pa. Superior Ct. 353.

Judgment affirmed.