## Youngblood, Adm., Appellant, v. The Prud. Ins. Co. of America.

Argued March 17, 1933.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Michael J. McEnery,* for appellant.

*Kendall H. Shoyer,* and with him *Frederick J.
Shoyer,* for appellee.

OPINION BY KELLER, J., April 17, 1933:

This was an action on an industrial policy of life
insurance tried in the municipal court of Philadelpha
County by a judge without a jury.

No written application for insurance was signed by
the insured, but the policy provided: "Preliminary
provision—This policy shall not take effect if the in-
sured die before the date hereof, or if on such date
the insured be not in sound health, but in either event
the premiums paid hereon, if any, shall be returned."
This constituted a condition, upon which the contract,
by its terms, was dependent. The company, waiving
any health examination, or any warranty by the in-

sured in an application, had the right to protect itself by incorporating such a condition into the contract: Connell v. Metropolitan Life Ins. Co., 16 Pa. Superior Ct. 520, 529; Russ v. Metropolitan Life Ins. Co., 98 Pa. Superior Ct. 353; Robinson v. Metropolitan Life Ins. Co., 99 Pa. Superior Ct. 152; Panopoulos v. Metropolitan Life Ins. Co., 96 Pa. Superior Ct. 325. The policy also contained the following provisions, practically the same as in those cases, viz., "This policy contains the entire contract between the parties hereto," and, "Modifications, etc.—No condition, provision or privilege of this policy can be waived or modified, in any case except by an endorsement hereon signed by the president, one of the vice-presidents, the secretary, one of the assistant secretaries, the actuary, the associate actuary, or one of the assistant actuaries ...... No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information."

The policy was dated March 23, 1931. The insured died April 30, 1931. It is admitted that she was not in sound health when the insurance was applied for and the policy issued, and was then suffering from the disease, (heart disease), from which she died, but the plaintiff offered to show that the agent of the company who solicited the insurance and delivered the policy, knew that the insured was not in sound health at the time, and contended that his knowledge bound the company, and prevented it from defending on that ground. Evidence tending to prove this offer was received, but subsequently struck out, and judgment entered for the plaintiff, for only the premiums paid, as provided in the policy.

The agent, Massey, was only a soliciting agent. He

had no right to issue or countersign policies. His authority was set forth in Section 601 (b) of the Act of May 17, 1921, P. L. 789, as amended by Act of May 8, 1929, P. L. 1660: "To solicit risks and collect premiums in its behalf."

The question involved in this case is whether, notwithstanding the provisions of the policy above quoted, knowledge of the ill health of the applicant for insurance by such a soliciting agent is so far knowledge of the company, that the conditions of the policy as to the insured's being alive and in sound health, and the provision that no condition of the policy can be waived or modified except by an endorsement signed by the president, vice-president, secretary, etc., must be deemed waived by the delivery of the policy by the agent to the insured.

The decisions of the Supreme Court—and of this court, too—are not in entire harmony as to the conditions and circumstances in which knowledge of an agent will affect the insurance company so as to create an estoppel, or waiver of conditions and provisions of the policy. It has been upheld in fire insurance cases, where the agent countersigned and issued the policy, and the knowledge of the agent related to a matter, which he could have included in the contract of insurance by a rider to the policy: Russell v. Farmers Mut. Fire Ins. Co., 272 Pa. 1; 115 Atl. 835; Clymer Opera Co. v. Birmingham Fire Ins. Co., 50 Pa. Superior Ct. 639; but not where the agent had no authority to bind the company: Benner v. Fire Assn. of Phila., 229 Pa. 75, 78 Atl. 44; Munhall v. Travelers Ins. Co., 300 Pa. 327, 150 Atl. 645. In others, while the rule is recognized that a local agent has no power to waive an express condition in the policy, it was held that an estoppel may be raised by the *authorized* act of an agent, or by the company's acquiescence in his act, or by representations of its agents *brought to the*

*attention of and not repudiated* by it or its general agent: Thomas v. Employers Liability Assurance Corp., 284 Pa. 129, 134, 130 Atl. 322 (an automobile liability case). It has been applied in certain insurance contracts where a written application was declared to be a warranty of the truth of the facts therein stated, if the agent filled out the application, and either through fraud or mistake did not truly record the applicant's answers: Carozza v. National Life Ins. Co., 62 Pa. Superior Ct. 153, 157, 158, and cases cited; but was specifically denied in Rinker v. Aetna Life Ins. Co., 214 Pa. 608, 64 Atl. 82, where the answer, relating to a vitally important matter, was declared to be a warranty. This case was cited with approval in the very recent case of Applebaum v. Empire State Life Assurance Society, 311 Pa. 221, decided March 20, 1933. See also Stawartz v. Western Life Ind. Co., 89 Pa. Superior Ct. 109. It was permitted, where the answer constituted only a representation, in Suravitz v. Prudential Ins. Co., 244 Pa. 582, 91 Atl. 495; and Suravitz v. Prudential Ins. Co., 261 Pa. 390, 104 Atl. 754.

A distinction has been made in some cases between conditions precedent to the policy on the one hand, and notice, proof of loss and other matters subsequent to the loss, on the other, and waiver by the act of a duly authorized agent limited to the latter class: Gough v. Halperin, 306 Pa. 230, 159 Atl. 447; but see Russ to use, etc. v. Metropolitan Life Ins. Co., 98 Pa. Superior Ct. 353; and a distinction has been suggested between matters vital to the contract and those which while informatory to the company, do not increase the hazard or are not of sufficient importance to prevent the company from issuing the policy: Hoffman v. Mutual Fire Ins. Co., 274 Pa. 292, 300, 117 Atl. 917; Benner v. Fire Assn. of Phila., supra; Munhall v. Travelers Ins. Co., supra.

It is difficult to reconcile certain parts of the opinion in Evans v. Metropolitan Life Ins. Co., 294 Pa. 406, 144 Atl. 294, relied on by appellant, with the ruling and opinion in Koppleman v. Commercial Casualty Ins. Co., 302 Pa. 106, 153 Atl. 121, relied on by appellee; but we do not feel that we are, in this case, required to attempt to do so, for in none of the cases in which the principle of waiver or estoppel has been applied, has the knowledge of a mere soliciting life insurance agent, who does not issue or countersign, but only delivers, a policy, which is by its express terms declared to contain the entire contract between the parties and is not subject to waiver or modification by any agent, or any one except an executive officer, and as to which it is expressly provided that information to the agent will not bind the company, been held to constitute a waiver, or estop the company, as respects such a vital condition precedent as the existence or sound health of the insured on the date of the policy, unless it is followed by proof that such knowledge of the agent was brought to the attention of the company and acquiesced in by the company or its authorized officers. See Metropolitan Life Ins. Co's Appeal, 310 Pa. 17, 24; Byrne v. Dennis, 303 Pa. 72, 76-77, 154 Atl. 123.

It has already been pointed out that the provision in the policy relied on, "This policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned," is a condition and not a covenant. It operates more strongly in favor of the company than even a covenant in the policy that the answers to questions in the application shall be deemed warranties. It goes to the very heart or essence of the insurance contract. To permit a mere soliciting agent, for the sake of the commissions which he would receive, to

bind the company by his knowledge, not communicated to the company, on such a vitally important matter, would lay the company and its policy holders—(for the company is a mutual one)—open to fraud, of a character and to an extent that might prove disastrous, and should not be permitted as against provisions of the contract to the contrary, made as explicit as it is possible to make them. It would permit the insured, or his beneficiary, even though not a party to the fraud of the agent, to profit by it; while under the provisions of the contract he is restored his premiums and put in the same position he was in before the perpetration of the fraud.

The thought was well expressed by the Supreme Court of Ohio in the case of John Hancock Mutual Life Ins. Co. v. Luzio, 123 Ohio St. 616, 176 N. E. 446, where the provisions of the policy, the impaired health of the insured and the knowledge of the agent were very like this case, as follows: "Cugliari was only a soliciting agent. There was no proof that he had any other authority—none to waive material conditions in the policy he sold. Under the instruction of the trial court the knowledge of any and every agent of the company would become the knowledge of the company, binding the company even if both agent and insured were defrauding the company. In so charging the trial court erred. In the instant case it appears that Cugliari's duties were to solicit policies and to make inquiries regarding the health of the applicant; ......
It appears that no medical examination is required as a prerequisite to the issuance of industrial policies. This furnishes one reason why good faith should be required on the part of the applicants for insurance in respect to their soundness of health; they are not subject to physical examination. The insured had twice been in tubercular hospitals; both insured and beneficiary had knowledge of these facts; and although

Cugliari the soliciting agent, denied it, under the finding of the jury, he also had knowledge of these facts. This is an extreme case, perhaps more so than any found in the reports; but our system of jurisprudence requires the adoption of a fixed rule controlling every case that falls within its scope. To test its scope counsel for the insured was asked, during oral argument, whether, under like circumstances, had the soliciting agent canvassed patients in the many tubercular hospitals of this state, would the insurance company have been bound by the acts of that agent? He answered that it would, and in that he was logically consistent. May a crafty, dishonest soliciting agent roam the state seeking and insuring those afflicted with tuberculosis, or other serious disease, and bind the company because he had knowledge of the disease? If such were permitted in defiance of the provisions in the policy, that 'agents are not authorized to modify this policy,' it might lead to the bankruptcy of the company; at most, it would deplete its reserves, which are held for the protection of innocent applicants. The policy contained a proviso that it should not take effect unless the insured 'shall be alive and in sound health.' Had the insured not been alive, and had the agent known it, can it be claimed that the agent's knowledge would make the company liable? Under the terms of the policies, life and sound health must both subsist before the policies took effect. Nor should legislative policy sanction, or court decision encourage, a scheme which would lead to the perpetration of a fraud upon the company by connivance of its soliciting agent and the insured; much less should they countenance such perpetration where the agent's power is limited solely to canvassing applicants for insurance and reporting his information to his company'' (pp. 628-630). The judgment of the court below was reversed and judgment entered for the defendant.

Similar rulings have been made by the appellate courts of other states, e. g. Alabama, (Life Ins. Co. of Va. v. Newell, 223 Ala. 401, 137 So. 16, 18); Georgia, (American National Ins. Co. v. Potts, 132 S. E. 142, 143); Kansas, (Musgrave v. Equitable Life Assurance Society, 262 Pac. 571, 124 Kan. 804); Louisiana, (Shuff v. Life & Casualty Ins. Co., 164 La. 741, 114 So. 637); Wisconsin, (Sachs v. N. A. Life Ins. Co., 230 N. W. 612). See also Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 622, 623; MacKelvie v. Mut. Ben. Life Ins. Co., 287 Fed. 660 (C. C. A. 2d Cir., certiorari denied, 262 U. S. 747); Landy v. Phila. Life Ins. Co., 78 Pa. Superior Ct. 47; Harrisburg Trust Co. v. Mutual Life Ins. Co., 278 Pa. 255, 122 Atl. 292; Applebaum v. Empire State Life Assurance Society, supra.

The assignments of error are overruled and the judgment is affirmed.