Price *v.* Mutual Life Insurance Company of Baltimore, Appellant.

Argued April 20, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and JAMES, JJ.

*J. Norman Martin,* and with him *Norman A. Martin*
and *John G. Lamoree,* for appellant.

*J. Glenn Berry,* and with him *W. Walter Braham* of
*Aiken & Braham,* and *William D. Cobau,* for appellee.

OPINION BY KELLER, J., July 14, 1933:

The plaintiff took out a policy of insurance in the
defendant company on the life of her nine year old
daughter, Ruth. It was, in form, what is commonly
called an industrial policy. The premium was payable
weekly. No written application for insurance was at-
tached to the policy, which contained, inter alia, the
following conditions, subject to which it was issued:

"Second. This policy is void until the same is
actually delivered to the insured in person while in
sound health ...... Fifth. Agents (which term in-
cludes superintendents and assistant superintendents)
are not authorized to make, alter or discharge con-
tracts, or waive forfeitures."

When the policy was applied for and issued the child
was in a hospital, suffering from osteomyelitis. She
had been there for nearly six months, and had had
numerous operations because of the disease. She re-
mained continuously in the hospital until her death
from the same disease, sixteen days after the delivery
of the policy to the beneficiary, her mother.

The agent of the company, who solicited the risk
and delivered the policy, knew of the child's condition,
of her unsound health, of her being in the hospital
and of her then suffering from the disease from which
she died; apart from his knowledge the company did
not know of the insured's unsound health when the
policy was issued and delivered. The agent was a
mere soliciting agent, authorized to solicit risks, de-
liver policies when issued by the company and collect
premiums.

The question involved is whether the knowledge by this agent of the insured's unsound health was so far notice to and knowledge of the company as to amount to a waiver of the condition as to the sound health of the insured or estop the company from setting up the condition as a defense to the policy.

We had occasion recently to examine the subject somewhat fully in the case of Youngblood v. Prudential Ins. Co., 109 Pa. Superior Ct. 20, 165 Atl. 666, and decided, in similar circumstances, that knowledge by the soliciting agent that the insured was not in sound health when the policy was issued and delivered did not bind the company nor prevent it from defending on that ground. It is not necessary to restate the grounds for our so holding. The same ruling must be applied here.

Following the decision in the Youngblood case, the judgment is reversed and is here entered for the defendant.