Early, Receiver, Appellant, *v.* Huntley.

Argued April 9, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Willis K. Elliott,* with him *Edward M. Elliott,* of *Elliott & Elliott,* and *Charles M. Love,* for appellant.

*T. G. Gregory,* of *Driscoll & Gregory,* with him *Benjamin R. Coppolo,* for appellee.

PER CURIAM, May 21, 1934:

The receiver of the Bank of Gilbert, Gilbert, West Virginia, sued to enforce defendant's liability as maker of two negotiable promissory notes aggregating $2,500. Plaintiff was endorsee of the notes, having received them as collateral security for a loan to R. L. Hutchinson Lumber Co., the payee named in the instruments. The defense was that plaintiff took the notes with knowledge the consideration for which they had been given had failed. The issue thus raised was submitted to the jury, which returned a verdict for defendant. Plaintiff appeals from refusal of its motion for judgment non obstante veredicto and for new trial.

The obligations in question were part of a transaction by which George W. Huntley, Jr., sought to finance a sale of lumber from his timber lands in West Virginia. Appellee suggested to R. L. Hutchinson, a commission merchant dealing in lumber under the trade name R. L. Hutchinson Lumber Co., that he would sell his lumber through Hutchinson at a commission of 10% if the latter would advance his promissory notes in the amount of $10,000. The understanding between the parties was that Huntley would discount the notes at a bank in West Virginia and use the proceeds to cut and deliver the timber. Hutchinson was unwilling to advance his paper without security and it was then agreed that Huntley would execute his notes in the same amount, to be held by Hutchinson as collateral to indemnify him against loss resulting from the transaction. The obligations were for ninety days and at their maturity were renewed for four months. After Huntley had begun cutting and shipping the timber, Hutchinson became financially embarrassed and was unable to complete his part of the contract. Huntley thereupon marketed the lumber elsewhere but used the proceeds to take up Hutchinson's discounted paper, with the result that the latter never suffered loss upon them. Several of Huntley's notes were apparently returned to him before the contract between

the parties was terminated by mutual consent, but the two here in question were endorsed to the Bank of Gilbert as additional collateral for a loan made to Hutchinson. There being no contradiction of defendant's testimony as to failure of consideration, the case was submitted to the jury on the question of notice to the bank at the time of taking the instruments. The verdict favored defendant.

Appellant contends the evidence relating to failure of consideration was improperly admitted in violation of the parol evidence rule. If the plaintiff bank was a holder in due course, the defense of failure of consideration as between the immediate parties to the instruments would not be material, but there was evidence that the notes were negotiated with notice of their defect. Section 52 of the Negotiable Instruments Law (1901, P. L. 194), requires that a holder in due course must have taken the instrument without notice of infirmity or defect in the title of the person negotiating it. The testimony (which, upon appeal from refusal to award plaintiff judgment non obstante veredicto, we consider in the light most favorable to defendant) indicates the president of the bank accepted the notes in question as collateral security for Hutchinson's debt with knowledge that the latter considered them unenforceable because of the failure of consideration. Appellant, accordingly, not being a holder in due course, the defense of failure of consideration was available to defendant. It was not error, nor in violation of the parol evidence rule to introduce oral testimony in this regard, and our cases have repeatedly so held. See Piper v. Queeney, 282 Pa. 135; Cridge's Est., 289 Pa. 331; Murray v. Flesher, 88 Pa. Superior Ct. 592.

Judgment affirmed.