Equitable Life Assurance Society *v.* Klein
et al., Appellants.

Argued April 24, 1934.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Sabato M. Bendiner,* with him *Irvin Bendiner,* for appellants.

*Robert J. Sterrett,* with him *Alexander & Green,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1934:

The Equitable Life Assurance Society of the United States, plaintiff herein, insured the life of Hyman Klein, one of the defendants, in favor of his minor children, whose guardian ad litem is the other defendant. In plaintiff's bill in equity, it is averred that "the said policy lapsed by reason of the nonpayment of the premium due January 21, 1931," a fact expressly admitted in the answer, as is also the further averment that "On February 27, 1931, the said policy was restored by the plaintiff." The bill seeks a decree that "The restoration of the policy be rescinded and declared null and void," because "the declarations made by the insured as to his health, in order to have the policy reinstated, were false and fraudulent." Defendant's answer denies this, and it was the important issue of fact raised at the trial. The chancellor who saw and heard the witnesses, the insured being one, found as a fact that those "declarations......were false and fraudulent," adding: "In so concluding, we have given some weight to the impression made upon us at the hearing" by the insured who made them. The chancellor reported that a decree should be entered as prayed for in the bill; the court in banc dismissed all of defendant's exceptions and entered the decree reported by the chancellor; and thereupon this appeal was taken. Notwithstanding the elaborate argument of appellants' counsel the decree must be affirmed.

Appellants state but three questions as being involved in this appeal. The first two are based on the contention that the policy of insurance never did lapse. As we have

already pointed out, it is expressly admitted in the pleadings that it did. The only other question alleged by appellants to be involved is as follows:

"Where an insurer's agent, who is empowered to solicit the reinstatement of lapsed policies and to collect the first year's premium, which is due, has personal knowledge that the insured has been ill, and informs the insured that, because of his recovery, a statement of his past illness need not be written into the form of request for reinstatement, which form was prepared by the insurer and was filled in by the insurer's agent, is not the insurer, who is attempting to cancel the policy on the ground of this misstatement, estopped from setting up the insured's previous illness?"

This is an ingeniously worded question, but, so far as concerns this appeal, this is all that can be said in its favor. The policy provides that in case it shall lapse, as the pleadings admit it did, "it may be reinstated at any time during the term period upon the production of evidence of insurability satisfactory to the society [plaintiff] and the payment of all overdue premiums, with interest at 5% per annum."

The application for reinstatement was in writing, as follows:

"To the Equitable Life Assurance Society of the United States:

"I, Hymen Klein of Philadelphia, Pa., hereby apply for the reinstatement of Policy No. 8160393 issued by the said society upon my life and now lapsed because of the nonpayment of premium due on the 21 day of January, 1931.

"I hereby certify that I am in good health; that except as stated below, I have had no illness, have not consulted any physician or practitioner, have not been a patient in any hospital or sanitarium; and that there has been no change in the health record of my family since the issuing of the policy.

"I hereby agree that if the above mentioned policy is reinstated by the society, such reinstatement shall be based upon the good faith of this declaration, which is personally signed by me; and that the reinstatement if granted shall not take effect until all premiums in arrears, with interest, have been duly paid during my continued good health.

"Dated at Philadelphia, Pa., 2/27/31.

"Hymen Klein."

The answer to the bill avers: "It is admitted [by the defendants] that the defendant [Klein] had had an illness since the issuance of the policy." "It is admitted that the defendant had consulted and been attended by a physician since the issuance of the policy." And it is further admitted that plaintiff "reinstated and restored the said policy in reliance upon the said declarations." It is averred, however, that they "were made in entire good faith," this being the loophole through which appellants hope to escape the effect of their false statements. It is advanced, of course, because of the clause in the petition for reinstatement, as above quoted, that "such reinstatement [if made] shall be based upon the good faith of the declarations" made in the application therefor. The averment of good faith is futile, however, because of the finding by the chancellor, approved by the court in banc, that the assured's "declarations......were false and fraudulent."

The insured alleges that he told plaintiff's agent, who brought the blank petition for reinstatement, that he had been sick and had been attended by a physician and that the agent said these things did not matter. This also is futile. With sufficient evidence in support thereof, the court below further found:

"(9) The insured when he signed the said request, was able to read and write the English language, and knew that the said statements [as to his health] were false."

"(20) Maurice Markmann [the agent who delivered to the insured the blank form of petition for reinstatement] had no authority and no apparent authority to reinstate lapsed policies. There was no evidence that either Markmann or any other person so employed by plaintiff had ever exercised any such authority.

"(21) The insured, Hymen Klein, in furnishing [Markmann] with the request for reinstatement of the lapsed policy of insurance, did not act in good faith, but was actuated with an intent to perpetrate a fraud."

These findings, having been approved by the court in banc, are as binding upon us, on appeal, as the verdict of a jury would be, and hence obviate the necessity for any citation of authorities to support the decree. It may not be inappropriate, however, to quote briefly from Koppleman v. Commercial Casualty Ins. Co., 302 Pa. 106, 117-118, as follows: "The issue was a legal one. Plaintiff had permitted an application to be sent in to the company over his signature stating that he had not been disabled by accident during the preceding five years. He admitted that his answer as written was false. He had also stated in the application that in the period named he had not received medical or surgical attention. This also he admitted to be false. These statements were manifestly material to the risk, should have been so declared by the trial judge as a matter of law and binding instructions for defendant should have been given." All this exactly fits the present case.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.