Potter Title & Trust Co., Appellant *v.* Colonial Life Insurance Company of America.

Argued April 24, 1934.

Before
TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Theos E. Manos,* for appellant.

*William H. Eckert* of *Smith, Buchanan, Scott & Gordon,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This is a suit on two policies of industrial life insurance. The case was tried by the late Judge D. PAULSON FOSTER, sitting without a jury. There was abundant evidence to show that the insured prior to the time the policies were issued suffered from pulmonary tuberculosis, and eventually died of that disease. She had been treated at several institutions, one of them exclusively devoted to the treatment of patients suffering from that malady. The policies contained this provision: "This policy shall be void if the insured ...... has had before said date (September 3, 1928) any pulmonary disease." The physician, who was examiner for the company, certified when the policies were issued that the insured was in sound health and was a first class risk, and it appears that at times she was able to do her household work. All

these matters were for the judge who tried the case. Even if at the time she was insured she was in apparent good health, the above clause in the policy refers to the condition of the insured before the date of the instrument. If the court was convinced of the fact that she had been suffering from tuberculosis prior to the issuing of the policies, a judgment for the defendant would necessarily follow unless something should appear to estop the company from raising the defense.

The appellant argues that the insured could neither read nor write English when she signed her applications. There is no proof of what occurred when the applications were made. No deception is shown. It is the duty of one being unable to read to procure some person to read the agreement before he signs it and his failure to do so will estop him from avoiding it on the ground of ignorance of its contents. Goldberg v. Knickerbocker Insurance Co., 82 Pa. Superior Ct. 302, and cases there cited. If the agent had known that the insured had tuberculosis this would not help the plaintiff, for such knowledge on his part would not bind the company unless there were proof that such information had been communicated to the company and the actions of the agent acquiesced in by its officers: Youngblood v. The Prudential Insurance Co., 109 Pa. Superior Ct. 20, 165 A. 666. The above provision of the policy is a condition not a covenant. Whether the policy is void depends upon actual conditions, past or present, and not upon the knowledge of those conditions possessed by the parties: Panopoulos v. Metropolitan Life Insurance Co., 96 Pa. Superior Ct. 325.

As stated before the court was fully warranted in concluding that the insured had suffered from tuberculosis before the issuing of the policies and that in consequence there could be no recovery thereon.

The judgment is affirmed.