Prudential Insurance Company of America *v.*
Ordonoff, Appellant.

Argued March 16, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER,
JAMES and RHODES, JJ.

*George L. Reed,* with him *Morley W. Baker,* for appellant.

*George H. Hafer,* with him *Geo. Ross Hull,* of *Snyder, Hull, Hull & Leiby,* for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1936:

This is a bill in equity filed by The Prudential Insurance Company of America to compel the surrender for cancellation of its policy of insurance upon the life of Mary Ordonoff, a minor, issued on September 3, 1931, in the amount of $1,500. The insured died of tuberculosis on July 10, 1932, and the defendant below and appellant herein is her mother, the designated beneficiary.

Upon investigation of the beneficiary's claim and discovery of the facts set out in the bill, appellee notified appellant thereof, and sought a rescission of the policy, although a return of the full amount of the premiums received was not tendered at that time. Appellant refused to surrender the policy, but brought no suit thereon. This proceeding in equity was instituted by appellee on August 31, 1933, three days before the policy would have become incontestable under the following clause, contained therein: "This policy shall be incontestable after two years from its date of issue, except for non-payment of premiums ......"

No medical examination of the insured was made for the company, the policy having been issued upon her application and declaration in lieu of such examination, which became a part of the contract. The bill of complaint sought cancellation upon the ground that the insured, in this declaration, knowingly and fraudulently misrepresented the condition of her health, and falsely stated that she had never had a serious illness, had had no medical or surgical treatment in a hospital or sanitarium, was at the time of the application in good health, had not been attended by a physician within three years prior to the application, and did not have consumption.

The case came on for trial on March 14, 1934, before the chancellor, Fox, A.L.J., and on March 27, 1934, when testimony was resumed, appellee moved to amend its bill by setting forth as an additional ground for cancellation that the policy contained a provision that unless it were delivered and the first premium paid while the health of the insured was the same as described in the application, the policy would not take effect, and that on September 8, 1931, when the first premium was paid and the policy delivered, the insured's health had changed for the worse. The amendment was allowed, over appellant's objection, and the trial proceeded to the final decree from which this appeal has been taken.

The chancellor found that, contrary to the representations made in the application, the insured had been admitted to a sanitarium in 1927 to be treated for tuberculosis, and knew at that time that she had an involvement of the lungs; that she had attended tuberculosis clinics from 1926 to 1930, and knew when she attended the clinics that she had an affection of the lungs; that in 1930 her doctor found marked involvement of her lungs, both anteriorly and posteriorly, so much so that he advised her to discontinue school and on his advice to the superintendent of schools she was given leave of

absence for the school year 1930-1931, on account of being "Tubercular Type"; that she knew when she was given this leave that she had lung involvement; that on September 8, 1931, she was examined by her doctor who found she had pleurisy and difficulty in breathing; and that on that day she was in a poorer condition of health than on the date of the application for the policy.

He also found that the answers made by the insured in her application were material and were made with full knowledge of them, and that they were false and fraudulent. Accordingly, a decree nisi was entered cancelling the policy and ordering appellant to surrender it to appellee; directing appellee to pay to appellant all premiums and other money paid on account of the policy, with interest; and enjoining appellant and her assigns from bringing and maintaining any action upon the policy, either at law or in equity. The exceptions filed thereto by appellant were overruled by the court, in banc, and the decree became final.

We have examined the record and find ample evidence to support the findings of the chancellor, approved by the court in banc. The third to eighth assignments of error, inclusive, are therefore dismissed, but certain questions of law remain to be considered.

First, appellant contends that the amendment to the bill of complaint introduced a new cause of action and therefore should not have been allowed, since the two year period of contestability had expired before the amendment was offered. This question need not be determined. The fraudulent representations in the application, set out in the bill as originally filed and found by the court below, furnish sufficient grounds for the decree of cancellation: Equitable Life Assur. Society v. Klein, 315 Pa. 156, 173 A. 188; New York Life Insurance Co. v. Brandwene, 316 Pa. 218, 172 A. 669. The second, ninth, tenth and eleventh assignments of error are, accordingly, dismissed.

Second, appellant contends that because of the minority of the insured when the contract was made, and also at the time of her death, appellee cannot now avoid the policy either for fraud or non-compliance with a condition precedent. Avoidance upon the latter ground need not be discussed, in view of what has been said above. It would be a novel proposition of law to hold that infants may defraud with impunity and have their fraudulent contracts enforced by the courts. Infants may avoid their contracts because it is the policy of the law to protect them against their own mistakes, even though this may sometimes result in hardship to others. But citation of authority is unnecessary for the proposition that when avoiding their contracts they must, so far as possible, return the consideration. It is equally well settled, as stated by the court below, that an infant cannot enforce his contract in part and avoid it in part. Williston on Contracts, Vol. 1 §236; 31 C. J. 1087. If this were an action at law on the policy, the beneficiary could not at the same time assert her claim to the insurance and disclaim the representations upon which it was procured. Here, the proceeding is reversed. The insurer is seeking an affirmative avoidance of the policy for fraud; that the other party was a minor is immaterial. The following quotation from the Restatement of the Law of Contracts, §431 (b) is pertinent: "A contract may be voidable by only one of the parties thereto; or, in rare cases by more than one of them. A contract made by two infants with each other is voidable by either one; and so also is a contract made by an adult with an infant, when the latter was guilty of fraud." See also paragraph (e) of that section. This disposes of the thirteenth assignment.

Third, appellant contends that appellee, through the authorized acts of its agent and its own acts, waived any right it might otherwise have to secure a cancella-

tion of the policy. The record does not disclose any act on the part of the company, itself, except the issuance of the policy, upon the insured's application, and the acceptance of premiums. Appellant does not base her contention upon the issuing of the policy, but asserts that the acceptance of the first premium and delivery of the policy by appellee's agent, on September 8, 1931, when, as argued for appellant, the insured must have been "manifesting some symptoms of the pleurisy," with which she was then suffering, and the acceptance of subsequent premiums, bar this proceeding. In the light of established principles, the delivery of the policy on that day and the acceptance of premiums thereafter cannot be construed as a waiver of the right to contest, within the agreed upon period and upon the ground of fraud, all liability in excess of the amount of premiums collected.

Moreover, the policy contains this provision: "Modifications, etc.—No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the President, one of the Vice-Presidents, the Secretary, one of the Assistant Secretaries, the Actuary, the Associate Actuary or one of the Assistant Actuaries. No modification or change shall be made in this policy except such as is in accordance with the laws of the state in which the same is issued. No *agent* has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, *to waive any forfeiture,* or to bind the company by making any promise, or by making or receiving any representation or information." (Italics supplied)

Under our decisions, the company's agent had no power to bind it beyond the provisions of the contract as written. See Youngblood, Adm. v. The Prudential Insurance Company of America, 109 Pa. Superior Ct. 20, 165 A. 666; Price v. Mutual Life Insurance Co. of

Baltimore, 109 Pa. Superior Ct. 419, 167 A. 233; Potter Title & Trust Company v. Colonial Life Insurance Co. of America, 114 Pa. Superior Ct. 436, 174 A. 587. The twelfth assignment of error cannot be sustained.

Finally, appellant contends that appellee has an adequate remedy at law and that the case should have been certified to the law side of the court. Appellant made an oral motion for such certification at the beginning of the trial, some months after an answer upon the merits had been filed. The court below denied the motion on the ground that it was not made in conformity with Equity Rule 48, regulating the making of preliminary objections to a bill. We need not consider whether such an application should be entertained after an answer to the merits has been filed.

No action at law upon the policy had been brought within the period of contestability. In Prudential Insurance Company v. Ptohides, 122 Pa. Superior Ct. 469, 186 A. 386, we have stated in detail our reasons for holding that, under such circumstances as were present when the bill was filed in this case, equity has full jurisdiction to entertain the bill and dispose of the entire controversy.

The assignments of error, not already disposed of, are severally dismissed.

Decree affirmed at costs of appellant.