Argued April 12, 1945.
This is an appeal from a judgment of the Court of Common Pleas of Allegheny County, which, after the jury's verdict for the defendant, refused the plaintiff's motion for judgment n.o.v. or a new trial and entered judgment for the defendant. *Page 606 
This is a suit in assumpsit on an accident and health insurance policy issued by the defendant company on November 3, 1941, to Joseph Matovich, which policy inter alia provided: "The copy of the application attached hereto is hereby made a part of this contract, and this policy is issued in consideration of the statements made by the insured in the application and the payment of a premium" . . . "No agent has authority to change this policy or waive any of its provisions . . ." The application for the policy, signed by the insured, contained the following questions and answers: "9. Has any application ever made by you for life or disability insurance been declined, postponed or rated up, or has any life or disability insurance issued to you been cancelled? Answer as to each. Answer No. 18. Do you hereby apply to the Mutual Benefit Health and Accident Association for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions and do you agree that the Association is not bound by any statement made by or to any agent unless written herein? Answer Yes."
On December 29, 1941, while this policy was in force, the insured, then employed as a machinist by the Pressed Steel Car Company, suffered an accidental injury when he fell into a concrete pit, breaking his ribs and receiving a bump on the back of his head and later developed maniacal psychosis due to trauma.
At the trial of the case the policy and application were offered and received in evidence. It was agreed by stipulation that the insured in August of 1940 was rejected by the General American Life Insurance Company of Missouri for life insurance, and it was in evidence, uncontradicted, that he, again in May 1941, made application to the Provident Life and Accident Insurance Company for an accident and health insurance policy, which application was rejected.
On appeal from a judgment for the defendant, the appellate court in considering whether or not the plaintiff *Page 607 
was entitled to binding instructions or judgment n.o.v. must accept the defendant's evidence as true and consider the testimony in the light most favorable to the defendant. Lukens v.Wharton Avenue Baptist Church, 296 Pa. 1, 145 A. 587; Early v.Huntly, 315 Pa. 382, 172 A. 683.
In the instant case the applicant agreed that the policy should be issued solely and entirely in reliance upon the written answers to the questions preceding. Sam Matovich testified that the agent who solicited the insurance knew of the previous rejections for insurance but, even if true, that would not bind the defendant company, Youngblood v. Prudential InsuranceCompany, 109 Pa. Super. 20, 165 A. 666; Price v. MutualLife Insurance Company of Baltimore, 109 Pa. Super. 419,167 A. 233; unless the knowledge of the agent was brought to the attention of the company and acquiesced in by the company or its authorized officers. The company's agent had no power to bind the company beyond the contract as written. Potter Title and TrustCompany v. Colonial Life Insurance Company of America, 114 Pa. Super. 436, 174 A. 587; Prudential Insurance Company v.Ordonoff, 122 Pa. Super. 485, 186 A. 391. When the applicant concealed the fact that he had applied to other companies for insurance and had been refused, he concealed from the company a fact which was material to the risk. This concealment would have been sufficient for giving binding instructions in the defendant's favor. Moncur v. Western LifeIndemnity Company, 269 Pa. 213, 112 A. 476; March v. MetropolitanLife Insurance Company, 186 Pa. 629, 40 A. 1100; Meyer-Bruns v.Pennsylvania Mutual Life Insurance Company, 189 Pa. 579,42 A. 297; American Union Life Insurance Company v. Judge, 191 Pa. 484,43 A. 374; Smith v. Northwestern Mutual Life Insurance Company,196 Pa. 314, 46 A. 426; Rigby v. Metropolitan Life InsuranceCompany, 240 Pa. 332, 87 A. 428. Where statements are *Page 608 
made representations, the insurer to avoid the policy must show they were false and the insured knew they were false or otherwise acted in bad faith in making them. Evans v. Penn Mutual LifeInsurance Company, 322 Pa. 547, 186 A. 133. It is sufficient to show that they were false in fact and that the insured knew they were false when he made them. Lilly v. Metropolitan LifeInsurance Company, 318 Pa. 248, 177 A. 779; Stein v. New YorkLife Insurance Company, 319 Pa. 225, 179 A. 589; Evans v. PennMutual Life Insurance Company, 322 Pa. 547, 186 A. 133. The insurance company asked for and was entitled to be advised whether insured had previously been rejected for insurance, and he was bound to have knowledge of the correct answer to this question and was required to impart that knowledge to the company in his answer to question 9. Glaser v. Metropolitan LifeInsurance Company, 139 Pa. Super. 261, 11 A.2d 558;Soltanink v. Metropolitan Life Insurance Company, 133 Pa. Super. 139, 2 A.2d 501; Anastasio v. Metropolitan LifeInsurance Company, 149 Pa. Super. 414, 27 A.2d 510.
The fact that the insured was not able to read or write English will not relieve him of the effect of his misrepresentations. It was his duty to have the agreement read and explained to him.Prevete v. Metropolitan Life Insurance Company, 343 Pa. 365,22 A.2d 691; Goldberg v. Knickerbocker Insurance Company, 82 Pa. Super. 302. Although there might have been a directed verdict for the defendant in the instant case, as the court below intimated, the case was submitted to the jury under instructions that were eminently fair to the plaintiff and the jury by its verdict found for the defendant. It is our opinion that such verdict should not be disturbed.
It is fundamental that whether a new trial shall be granted or refused is a matter within the sound discretion of the trial court and its determination will not be disturbed by an appellate court except for a clear *Page 609 
error of law or a manifest abuse of discretion. Williams v.Southern Mutual Insurance Company, 312 Pa. 114, 166 A. 582;Szczygielski v. Travelers Insurance Company, 114 Pa. Super. 352,174 A. 662; Wirsing v. Smith, 222 Pa. 8, 70 A. 906.
An examination of the record and of the charge of the court below discloses no abuse of discretion or error of law.
Judgment is affirmed.